PITTSBURGH PLATE GLASS COMPANY *v.* YOUNG.

[No. 12,245. Filed March 31, 1926.]

1. MASTER AND SERVANT.—*Repudiation of executory contract of employment may be treated as breach.*—A party to an executory contract of employment which has been repudiated by the other party thereto may elect to treat such repudiation as a breach thereof and immediately sue for the damages suffered by reason of such breach. p. 316.

2. ELECTION OF REMEDIES.—*Action on alternative remedy inconsistent with former action.*—A party who has elected to treat the repudiation of an executory contract as a breach thereof and has sued for the damages by such breach, with full knowledge of the facts and of his rights, may not thereafter maintain an action upon an alternative remedy which is inconsistent with the remedy which he has elected to follow (*Fast* v. *Judy*, 83 Ind. App. 85, distinguished). p. 316.

3. ELECTION OF REMEDIES.—*Action to enforce contract may not be maintained after action for breach based on adverse party's repudiation.*—A party to a contract who has prosecuted an ac-

tion for damages for the breach thereof by the other party, based on the latter's denial and repudiation thereof, may not thereafter prosecute an action to enforce the contract, but must be held to his original election of remedies.  p. 318.

From Miami Circuit Court; *Albert Ward,* Judge.

Action by Andrew J. Young against the Pittsburgh Plate Glass Company.  From a judgment for plaintiff, the defendant appeals.  *Reversed.*  By the court in banc.

*A. H. Cole, C. C. Shirley, Bell, Kirkpatrick, McClure & Elliott* and *Lex J. Kirkpatrick,* for appellant.

*Homer K. Miller, Rex E. Ballenger* and *Russell J. Wildman,* for appellee.

NICHOLS, C. J.—Action by appellee against appellant seeking to recover on account of an alleged oral contract which appellee asserts was made March 5, 1903, in compromise of a dispute then existing between appellant and appellee in relation to an injury received by appellee while employed in appellant's factory in the city of Kokomo, Indiana.

Appellee filed an amended complaint in two paragraphs and an additional third paragraph of complaint. Answer in six paragraphs was filed to the first and second paragraph of amended complaint; and a similar answer was afterwards filed in six paragraphs to the third paragraph of complaint, the first being a general denial, the second, third and fourth respectively pleading the six, the ten, and the fifteen years statutes of limitation and the fifth and sixth pleading a compromise settlement and payment.  Reply in general denial.

There was a trial by jury and a general verdict against appellant for $3,556.80.  The cause was submitted on the first and second paragraphs of amended complaint and the third paragraph of complaint, and after the evidence was introduced, appellee dismissed

the complaint as to the first and second paragraphs. The court overruled the motion filed by appellant asking the court to direct the jury to return a verdict for appellant. Appellant filed a motion for new trial which was overruled and judgment was rendered upon the verdict in favor of appellee.

The error assigned and presented is the action of the court in overruling appellant's motion for a new trial.

The original complaint in two paragraphs filed February 22, 1922, becomes material in determining the theory adopted by appellee. It is, in substance, as follows:

During the year 1902, a dispute was pending between the parties to this action, growing out of injuries which appellee had received while working for appellant, and appellee claimed at that time that appellant owed him damages for the injuries that appellee had received, appellee contending that these injuries were the direct and proximate result of negligence of appellant, all of which appellant denied.

In consideration of the settling of this dispute and in consideration of appellee agreeing that he would bring no action for damages against appellant, it was mutually agreed that appellee would accept, and that appellant would pay, at once, the sum of $900 in cash and that appellant would furnish appellee light employment and would pay him his regular weekly wages at the rate of one dollar and ninety cents a day for six days in every week, said sum to be paid at the end of every two weeks, and that these wages were to be paid during the entire lifetime of appellee under the conditions hereinbefore set out. This was to be in full satisfaction of all claims that appellee had at that time against appellant.

Appellee has duly performed all the conditions of said contract on his part to be performed. He brought no

action for damages against appellant on account of said injuries.   He tendered his services to appellant on several different occasions after he had received the injuries, but appellant wholly refused and still refuses and at all times has refused to accept said services.

. Appellant has paid appellee $900 in cash, which was paid as appellant had agreed to pay it, but appellant has wholly failed and neglected to pay appellee any of the wages which were due him, although nearly 20 years have elapsed and although he has frequently made demands upon appellant therefor.

It is to be observed that by this paragraph of complaint, appellee sought damages for breach of a compromise contract, under the provisions of which, he

1,2.    was to receive $900 and life employment at stipulated wages.   Appellee filed a complaint in the year 1915, upon the same theory, which was superseded by an amended complaint in 1917, based on the same theory. That cause of action was afterward dismissed for want of prosecution, and this action was commenced in February, 1922, by complaint, the substance of the first paragraph of which is set out above, the second paragraph being upon the same theory.   These paragraphs were both amended in October, 1922, but they retained the same theory, and continued on file and as a part of the complaint until after the evidence was heard at the trial of this action in April, 1924, when they were both dismissed.   At the trial, appellee's evidence, and that of his wife and son, was in harmony with the theory of the first and second paragraph of amended complaint, as well as with all paragraphs of complaint in the action theretofore commenced.   But a few days before the trial, appellee filed a third paragraph of complaint, not for damages for the breach of a contract, but by which he sought to enforce the compromise contract, under which, he avers that he was to receive $900

cash, and twenty-two dollars and eighty cents at the end of each two weeks, during the life of appellee. This third paragraph of complaint, being the only one remaining in the record, is the one upon which the verdict must be based. But long before the trial which resulted in the verdict, in the year 1915, when appellee commenced his first action, with full knowledge of the facts and of his rights, he elected to treat the alleged compromise agreement which appellants denied making, as broken and repudiated, and to sue for damages for the breach thereof, and this he continued to do until he filed the third paragraph of complaint a short time before the trial. He had a right to elect to treat the contract so repudiated by appellant as breached, and immediately to sue for all damages suffered by reason of such breach. *Indiana Life, etc., Co.* v. *Reed* (1913), 54 Ind. App. 450, 458, 103 N. E. 77. And when he does so elect, and brings his action based upon the remedy which he has elected, with knowledge of the facts, and of his rights, he may not thereafter maintain his action upon an alternative remedy which is inconsistent with the remedy which he has elected to follow.

Appellee cites *Fast* v. *Judy* (1925), 83 Ind. App. 85, 147 N. E. 728, as authority for his right to abandon his remedy which he first elected to follow, not having pursued the same to final judgment, but the conditions and circumstances there were quite different from those here involved. In that case, the plaintiff did not have full knowledge of the facts and of his rights when he brought his first action; he did not know that the rights of an innocent purchaser had intervened to prevent him from prevailing in an action to set aside a deed, and it is the law that where one prosecutes an action based upon a remedy which he erroneously supposes he has, and is defeated because of the error, he has not made a conclusive election, and is not thereby precluded from

prosecuting an action based upon an entirely different and inconsistent remedy. *Bunch* v. *Grave* (1887), 111 Ind. 351, 12 N. E. 514; 20 C. J. 21; 15 Cyc 262.

But here there was no mistake with want of knowledge of facts or rights. There was no suit merely for the rescission of a contract, but, without suit, the repudiation of the contract by the one had been acquiesced in by the other in the year 1915 and a suit for damages for the breach commenced. There was then no contract. Both parties by their acts had so said. This suit was dismissed finally for want of prosecution, and in the year 1922, the present suit was brought, and prosecuted upon the same theory for more than two years. Twenty-two years after his right of action accrued, and nine years after electing his remedy upon one theory, and a few days before the trial, he seeks to adopt an entirely inconsistent theory. He seeks to enforce the contract for the breach of which, with knowledge of all the facts and of his rights, he had sued eleven years before. At the trial, his evidence justified no other relief than that of damages for the breach of a contract to pay wages as alleged in his original complaints, and amended complaints. Under such circumstances, he must be held to his original election of remedies. After the evidence was heard, and after the first and second paragraphs of amended complaint were dismissed, no paragraph of complaint remained upon which to base the verdict, for there was no right of recovery upon the third paragraph, and no evidence to sustain it. The court, therefore, erred in refusing peremptorily to instruct the jury to return a verdict for appellant.

The judgment is reversed, with instruction to grant a new trial.