BANTA ET AL. *v.* BANTA ET AL.

[No. 17, 536. Filed January 19, 1948. Rehearing denied March 4, 1948.]

*Julius C. Travis,* of Indianapolis, and *Arthur D. Cutler,* of Madison, attorneys for appellants.

*Paul R. Schnaitter,* of Madison, and *Chester R. Collis,* of Vevay, attorneys for appellees.

CRUMPACKER, J.—On April 27, 1935, one James W. Banta, a widower 82 years old, owned 83 acres of farm land in Jefferson County, Indiana, and on said day he conveyed the same by warranty deed to his son, Foster M. Banta. At the time of such conveyance the said James W. Banta had three other children, to-wit: Chester Banta, Emerson Banta and Evelyn Quail, who, with the said Foster M. Banta, were his sole and only heirs at law. Emerson Banta and Evelyn Quail, with her husband, Clarence Quail, lived with their father on the farm at the time it was conveyed as aforesaid and since their father's death have continued to reside there and are now in the full and exclusive possession thereof.

James W. Banta died intestate on March 15, 1938, and on February 5, 1939, Evelyn Quail and Emerson Banta brought suit in the Jefferson Circuit Court against their brothers Foster M. Banta and Chester Banta whereby they sought to have the court decree that the deed of April 27, 1935, from their father to Foster M. Banta, resulted in a trust for their use and benefit as their

father's heirs at law, and that the said Foster M. Banta now holds the legal title to the land involved as the trustee of such trust and not as the owner in fee simple.

Their complaint alleges in substance that on the 27th day of April, 1935, James W. Banta was in debt and desirous of procuring a loan on his farm for the purpose of obtaining money with which to pay said debts. He was informed (by whom it is not alleged) that he could not procure such loan because of his advanced age but if he would convey his farm to his son, Foster M. Banta, who was then 50 years old and in reasonably prosperous circumstances, his said son could and would procure such loan, with the land as security therefor, and thus furnish the said James W. Banta with money sufficient to pay his debts. We now quote from the complaint verbatim:

"Acting upon such advice, information and belief the said James W. Banta did then and there execute and deliver to the said Foster M. Banta a warranty deed for said farm, with the understanding and agreement then and there made, that said land was being so deeded to said son as trustee for his said father, and for the sole purpose of securing a loan as aforesaid. Pursuant to said conveyance and said agreement between the father and son, the said Foster M. Banta procured a loan in the sum of $1,300 from the Land Bank of Louisville, Kentucky, and executed a mortgage on said land as security therefor. The money derived from said loan was used in paying the indebtedness of said James W. Banta and in other ways for his use and needs. That said conveyance of said real estate was made by said James M. Banta to said Foster M. Banta without any consideration whatever on the part of said grantee, and for the sole purpose of securing said loan as aforesaid, and said Foster M. Banta paid no money at that time nor since that time as consideration for said real estate. That by reason of the premises a trust resulted, in favor of the heirs of said James W. Banta and the said

Foster M. Banta holds said real estate in trust and as trustee for plaintiff and the other heirs of said James W. Banta or for his estate."

It will be noted that this complaint makes no effort to state a cause of action against Chester Banta, and it is apparent that he was made a party defendant because of his refusal to join as a plaintiff. Subsequently the Land Bank of Louisville was permitted to intervene as a party defendant to protect its mortgage.

Foster M. Banta joined the general issue on the facts pleaded against him and the cause was submitted to the Jefferson Circuit Court for trial which resulted in a finding and judgment against the plaintiffs. The cause was appealed to this court and said judgment was affirmed. *Quail* v. *Banta* (1943), 113 Ind. App. 664, 48 N. E. 2d 841.

Thereupon Foster M. Banta commenced the suit involved in this appeal making Emerson Banta, Evelyn Quail and Clarence Quail, her husband, parties defendant. Its purpose is to eject the defendants from the real estate conveyed to the plaintiff by the deed of April 22, 1935, of which, he alleges, the defendants are in possession without right. The defendants filed a cross-complaint wherein it is alleged in effect that the plaintiff, Foster M. Banta, by means of a confidential relationship, obtained title to the disputed land under such circumstances that it would be fraud upon the grantor James W. Banta and his heirs to permit the title thus obtained to be held against, or to the injury of, such grantor and his heirs, whose confidence had been so abused.

Wherefore they ask that the deed upon which the plaintiff predicates his rights be declared null and void. The plaintiff answered said cross-complaint in two paragraphs in which he alleges (1) that the judgment

against the cross-complainants in their suit to establish a trust in connection with the property in dispute, fully adjudicated the cause of action set out in their cross-complaint; and (2) having chosen to treat said deed, and the circumstances surrounding its execution, as resulting in a trust, and having sought to have it so declared, they elected their remedy and are now precluded from seeking to have said deed set aside for fraud in its procurement. The cross-complainants demurred to each paragraph of said answer for want of facts to constitute a defense. These demurrers were overruled and the cause was submitted to the court for trial which resulted in a finding for the plaintiff on his complaint and against the defendants on their cross-complaint with judgment accordingly. The appellants, Emerson Banta, Evelyn Quail and Clarence Quail, through this appeal contend that said judgment should be reversed because the court erred in overruling each of the demurrers above described. No other error is assigned.

Since the rendition of the judgment below, and before this appeal was perfected, Foster M. Banta died and his widow, heirs at law and the administrator of his estate are named parties appellee, but to avoid confusion our use of the word "appellee" in this opinion will be understood as referring to said decedent. Our use of the term "former suit" will be understood as referring to the proceedings wherein the appellants sought to establish a resulting trust for their benefit in the land in dispute.

The appellants' demurrer to the first paragraph of the appellee's answer to their cross-complaint brings in question the sufficiency of the judgment in the former suit to constitute an adjudication of the cause of action pleaded in said cross-complaint. In *Johnson* v. *Knudson-Mercer Co.* (1906), 167 Ind. 429,

79 N. E. 367, the Supreme Court announced the generally accepted standard for testing the validity of an answer pleading *res adjudicata*. We quote from the decision as follows: "Under the approved practice in this state a plea of former adjudication must show: (1) That the former judgment was rendered by a court of competent jurisdiction; (2) that the matter now in issue was, or might have been, determined in the former suit; (3) that the particular controversy adjudicated in the former suit was between the parties to the present suit; (4) that the judgment in the former suit was rendered on its merits." The appellants accept this test and concede that the former suit was disposed of in a court of competent jurisdiction and was tried on its merits. They seriously contend however that (1) the issues joined on their cross-complaint in the present suit were not, nor could they have been, determined in the former suit; and (2) there is no identity of parties in the two cases. We do not reach the latter specification.

In support of their first contention the appellants assert that the former suit counts on a trust for their benefit which resulted from circumstances, free from fraud, but which nevertheless make it inequitable to permit the appellee to continue to hold the legal title to the land in dispute, while their cross-complaint in the present action counts on active fraud in the procurement of the deed upon which the appellee rests his rights. It has been held that when land is devised to a trustee to sell for the payment of debts the heirs at law have a resulting trust in the land so far as its value exceeds the amount of the debts and they may restrain the trustee from selling more than is necessary to pay such amount. *Craig* v. *Leslie* (1818), 3 Wheat. (U. S.) 563, 4 L. Ed. 460. Restatement of the Law, Trusts, Vol. 2, § 430, expresses the general rule

as follows: "Where the owner of property gratuitously transfers it upon a trust which is properly declared but which is fully performed without exhausting the trust estate, the trustee holds the surplus upon a resulting trust for the transferor or his estate, unless the transferor properly manifested an intention that no resulting trust of the surplus should arise." It is obvious that the appellants' complaint in the former suit proceeded upon this theory. It alleges a gratuitous conveyance of land to the appellee upon an express trust that he should use it to secure a loan of money for the payment of the transferor's debts. That such trust was fully performed and that an equity in the land, over and above the mortgage, remained for the use and benefit of the transferor's heirs at law. The allegation that the appellee, as trustee, agreed to re-convey after procuring the mortgage and paying the transferor's debts forecloses the possibility that such transferor manifested an intention that no resulting trust of the surplus should arise. The case was tried upon the general issue and fraud in the procurement of the deed in question was not and could not have been involved. It is our opinion that the appellee's answer of *res adjudicata* to the appellants' cross-complaint was not good and the demurrer thereto should have been sustained.

This brings us to a consideration of the question raised by the appellee's second paragraph of answer to the appellants' cross-complaint and the demurrer thereto. The specific question presented is this: Having chosen, by the former suit, to treat the transaction involved as resulting in a trust, are the appellants precluded, by the doctrine of election of remedies, from now asserting that such transaction is void because of active fraud in its perpetration?

When a party to an action chooses one of two or more co-existing, but necessarily inconsistent and repugnant, remedial rights growing out of the same known facts and prosecutes the same to judgment he has elected his remedy and is precluded from pursuing the other or others. *Pittsburgh Plate Glass Co.* v. *Young* (1926), 84 Ind. App. 313, 151 N. E. 227; *American Car, etc., Co.* v. *Smock* (1911), 48 Ind. App. 359, 91 N. E. 749, 93 N. E. 78. As a general rule a remedy based on the theory of the affirmance of a transaction is inconsistent with a remedy arising out of the same facts and based on the theory of its disaffirmance, so that the election of either is a repudiation of the other. 28 C. J. S., Election of Remedies, § 6, p. 1070, and cases cited. See also *Kimmel* v. *Captain* (1940), 107 Ind. App. 621, 24 N. E. 2d 435.

We think this is clearly the situation in which the appellants find themselves. In the former suit they sought to affirm the deed and the circumstances of its execution and asked the court to declare a resulting trust. By their cross-complaint in the present action they disaffirm the entire transaction and ask the court to set aside the deed involved for fraud in its procurement. In the one instance they recognize and affirm the validity of the deed for a certain purpose and in the other they seek to destroy it altogether. In the one instance the very basis of their cause of action is a valid deed which resulted in a trust in that part of the property conveyed which it was not necessary to use to carry out the purpose for which the deed was given. In the present instance the very basis of their cause of action is the repudiation of the same deed for all purposes because of fraud in its procurement. Had the appellants been ignorant of the fraud involved at the time they instituted and prosecuted the former suit a

different question would be presented but the cross-complaint alleges no such ignorance.

The appellants call our attention to *McCoy* v. *McCoy* (1903), 32 Ind. App. 38, 69 N. E. 113, which at first blush seems to be at odds with our holding here. In that case James T. McCoy brought suit to cancel a deed which he claimed. Curtis McCoy had procured through fraud. The court denied relief because of a contract of sale which the court held valid and under which Curtis McCoy gained possession of the deed. James T. McCoy then brought suit to establish a vendor's lien for the unpaid purchase price of the land involved as indicated by said contract. The court sustained a demurrer to an answer pleading an election of remedies on the theory that the first and second actions were not inconsistent. It having been established that Curtis McCoy got title to the land under a valid contract of sale there certainly was nothing inconsistent in making him pay for it through the medium of the second suit. We know of no principle of law that would permit Curtis McCoy to keep the land without paying for it solely because James T. McCoy had sought unsuccessfully to repudiate the transaction for fraud. We have no such situation here. For aught that appears to the contrary the court may have refused to declare a resulting trust in the former suit because the trust estate was exhausted in the payment of transferor's debts. It is therefore our considered opinion that the appellee's answer pleading an election of remedies as a bar to the cause of action set out in the appellants' cross-complaint was a good answer and the demurrer thereto was properly overruled. The appellants conceded their inability to successfully controvert this answer and offered no evidence in support of their cross-complaint. Under such circumstances there remained nothing for the court to do but find against them

on that issue and error in overruling the demurrer to the answer pleading *res adjudicata* was thereby rendered harmless.

Judgment affirmed.

NOTE.—Reported in 76 N. E. 2d 698.

## ON PETITION FOR REHEARING

CRUMPACKER, J.—The appellants assail our opinion herein because, in affirming the judgment below, we adopted the theory that said appellants had previously elected a remedy for their alleged wrongs and pursued it to final judgment and are now precluded from asserting a totally inconsistent cause of action growing out of the same known facts. They contend that the appellant Clarence Quail was not a party to the former action and, having had nothing to do with the choice of the remedy pursued, cannot be bound thereby.

Both this suit and the former action involve the title to the same real estate. In the former action the appellants Emerson Banta and Evelyn Quail sought to establish equitable title to said real estate in themselves and their two brothers Chester and Foster M. Banta and to have the court declare that the legal title thereto was held in trust for their benefit. In this they failed and Foster M. Banta, the holder of the legal title, was adjudged to be the fee simple owner thereof. Foster M. Banta thereupon brought the present suit which rests on the theory that he is the owner and entitled to the possession of the real estate involved and that he is being deprived of such possession by the wrongful acts of the appellants. By way of cross-complaint the appellants sought to quiet the title of Emerson Banta and Evelyn Quail to an undivided one-half of said real estate on the theory that the deed, upon which Foster M.

Banta relies as vesting fee simple title in himself, was procured by fraud and therefore void.

It is conceded on every hand that Clarence Quail has no interest in said real estate except as the husband of Evelyn Quail and cross-complaint makes no effort to state a cause of action in his behalf, but on the contrary it shows on its face that he has no title to quiet. Therefore the ruling of the trial court on the demurrers to the answers to the cross-complaint could not have prejudiced his rights because he had no rights in connection with those issues. Under such circumstances he is in no position to predicate error on such rulings or complain of our decision in reference thereto. Nor can the other appellants escape the doctrine of election of remedies by selecting a person who was not a party to the former action and joining him as a nominal and unnecessary party plaintiff in their action to quiet title. The real parties in interest were parties to both suits.

The appellants further complain of our decision because we "failed to consider the question of non-identity of the parties in the two cases." That matter was particularly urged in connection with the appellants' demurrer to the answer pleading former adjudication and as we held that such demurrer should have been sustained for other reasons we found no occasion to discuss the question of identity of parties. We did not understand that the same contention was urged as a reason why the demurrer to the answer pleading election of remedies should have been sustained but in that we were evidently wrong so we have endeavored to dispose of the question in this opinion.

Lastly the appellants object to our statement that "the appellants concede their inability to successfully controvert this answer (election of remedies) and offered no evidence in support of their cross-complaint."

If the answer concerned states a good defense, and we hold it does, the record discloses the inability of the appellants to controvert the facts therein pleaded and it makes little difference whether they concede it or not. Our inadvertance in so stating is regrettable but of no consequence.

Rehearing denied.

NOTE.—Reported in 77 N. E. 2d 597.