INDIANA DEPARTMENT OF HIGH-WAYS, Defendant-Appellant,

v.

SMALL, INC., Plaintiff-Appellee.

No. 50A03–8602–CV–40.

Court of Appeals of Indiana,
Third District.

July 24, 1986.

Rehearing Denied Oct. 8, 1986.

Linley E. Pearson, Atty. Gen., Thomas R. Hamill, Deputy Atty. Gen., Indianapolis, for defendant-appellant.

Timothy J. Abeska, Roemer & Mintz, South Bend, for plaintiff-appellee.

GARRARD, Judge.

Small, Inc. contracted with the state for the removal and replacement of a bridge deck on a highway bridge. The work was completed and accepted but Small claimed it was entitled to additional compensation because the depth of the old concrete and asphalt deck on the bridge was greater than shown on the plans and it was required to remove a concrete sidewalk which was not shown on the plans. Small brought suit for additional compensation and in a second count sought the retainage held by the state.[1]

The trial court granted summary judgment for Small as to the retainage amount and awarded prejudgment interest from December 16, 1982. The state appeals.

We first note that the form of judgment entered by the trial court is not in strict compliance with the requirements of Indiana Rules of Procedure, Trial Rule 56(C) for treatment as an appealable order. We will nevertheless address the appeal pursuant to Appellate Rule 4(E) since the appellee has not opposed appealability and from the preappeal conference conducted it appears that trial on the merits has been completed on Small's other count.

The state initially argues that summary judgment was improper because pursuant to IC 8–13–5–7(e) it was not required to pay to Small the amount of the retainage ($7,617.81) while a "dispute," as defined by the statute, existed between the parties. It also contends that it was improper for the court to award prejudgment interest. Small responds that judgment was proper because there was no dispute as to the

---

1. IC 8–13–5–7 requires a retainage of 5% of the estimated cost of construction until the work has been finally completed and accepted.

amount of retainage and the interest was authorized.

■ The state's argument concerning the propriety of summary judgment is misplaced. The statute relied upon addresses *when* the state is required to pay amounts due under its highway commission contracts. In the context of this lawsuit the first question presented by Small's motion for summary judgment was whether it was entitled to judgment as a matter of law for the amount it claimed had been retained by the state. The state, in its brief, confesses that the completed project had been accepted and that the retainage amount was that claimed by Small.[2] Thus, if it was error to grant summary judgment on the state of the record, the error was harmless.

■ The second issue presented in the summary judgment is whether Small was entitled. to prejudgment interest on the amount of the retainage. The statute provides:

"(f) For each day after one hundred eighty [180] days, or thirty [30] days after settlement of a claim, the department shall pay to the contractor interest for late payment of money due to the contractor. However, interest shall not be paid for those days that the delay in payment is not directly attributable to the department. The annual percentage rate of interest that the department shall pay on the unpaid balance is twelve percent [12%]."

IC 8–13–5–7(f).

The state asserts that because Small was asserting a claim for additional compensation a "dispute" existed which relieves it of liability for interest. It relies upon IC 8–13–5–7(e) which states:

"(e) Each contract entered into pursuant to the provisions of this chapter shall provide for final payment within one hundred eighty [180] days after final acceptance of the contract. However, *final payment shall not be made on any*

*amount which is in dispute* or the subject of a pending claim, *but final payment may be made on* that portion of a contract or *those amounts which are not in dispute* or the subject of a pending claim, and such partial payment shall not constitute any bar, admission or estoppel or have any other effect as to those payments in dispute or the subject of a pending claim. For the purpose of this section, *a dispute exists when the contractor makes any claim for increase or decrease to any part of the contract, or seeks additional compensation for any reason."* (our emphasis)

The statute is certainly no model of clarity in expression. It states that final payments shall not be made on amounts which are in dispute, but that they may be made on amounts which are not in dispute. Then, rather than defining when an "amount" is in dispute, it instructs us that "a dispute exists" whenever a contractor seeks additional compensation for any reason. If a contractor seeks "additional compensation for any reason," so that a dispute exists, how is the highway department to determine that it is prohibited from paying some "amount," while it may permissibly pay another?

Our function, of course, is to determine and give effect to the legislature's intent where we can do so with the conviction that it is its (rather than our) intention that is being expressed. The history of events concerning the section in question provides that ability in this case.

The present section was enacted by the General Assembly as part of the Acts of 1982, P.L. 79. It amended a similar section which provided, in pertinent part:

"... that *final payment shall not be so made as to any amount which is in dispute* or the subject of a pending claim; and Provided further, that final payment *shall* be so made *as to that portion* of a contract *or those amounts* which are *not in dispute* or the subject

2. Our review of the transcript discloses a reference to at least one affidavit supporting the

motion, but the affidavit is not in the record.

of a pending claim, and such partial payment shall not constitute any bar, admission, estoppel or have any other effect as to those payments in dispute or the subject of a pending claim."

That version was before our Fourth District in *Indiana State Hwy. Comm'n. v. Bates & Rogers Construction Corp.* (1981), Ind.App., 422 N.E.2d 400, *transfer denied.* There a construction company contracted to construct a two mile section of highway. The project was completed and accepted by the state. The contractor, however, claimed additional compensation was due because of increased construction costs caused by state delays. In the lawsuit that followed, the company secured summary judgment for the retainage under the contract with interest and this court affirmed. The statute required that those amounts which were not in dispute shall be paid.

The amendment in 1982, at the first session of the legislature after *Bates & Rogers* was decided, changed the mandatory "shall" to a permissive "may" concerning portions and amounts not in dispute and added the definition of dispute.

It is a traditional rule of construction that amendments to a statute are intended to clarify or change the law. *Estate of Nay* (1986), Ind.App., 489 N.E.2d 632. Furthermore, amendments enacted upon the heels of an appellate decision construing a statute presumably are in response to that decision. *Jones v. State* (1983), Ind.App., 457 N.E.2d 231.

Considering these rules it seems clear that the legislative intent in amending IC 8–13–5–7(e) was to prohibit contractors from taking the position that the state owed them more money than the contract called for, and at the same time taking advantage of the interest provision which was intended to prompt the state to make timely final payments where there were no disputes between the parties, or after any existing disputes were resolved.

Certainly, the shift from a mandatory "shall" to a permissive "may" concerning payment for portions of the contract or amounts (whether restricted to distinct portions or not) not in dispute, is entitled to effect and undercuts Small's necessary assertion that the state was required to pay the retainage despite its claim.

We conclude that under the present version of IC 8–13–5–7(e) the state was not required to pay the retainage within 180 days after final acceptance of the contract and, therefore, the interest for late payment provision of IC 8–13–5–7(f) was not triggered. Thus, the award of interest on the retainage commencing 180 days after the state's final acceptance was error.

That portion of the summary judgment granting Small judgment for retainage in the amount of $7,617.81 is affirmed. That portion ordering the Indiana Department of Highways to pay interest thereon at 12% per annum from December 16, 1982 is reversed.

Affirmed in part; reversed in part.

STATON, P.J., and HOFFMAN, J., concur.