Russell F. PARKE and Louise S. Parke, Appellants (Plaintiffs Below),

v.

FIRST NATIONAL BANK OF ELK-HART; Woods Edge Mobile Modular Sales, Inc.; Charles R. Bryan; Joseph Hagar and Linda Hagar d/b/a Green Acres Mobile Modular Sales, Appellees (Defendants Below).

No. 20A03–9008–CV–337.

Court of Appeals of Indiana, Third District.

May 29, 1991.

Rehearing Denied July 15, 1991.

T.E. Cunningham, Indianapolis and Bradley L. Varner, Slabaugh, Cosentino, Arko, Walker & Shewmaker, Elkhart, for appellants.

Mark T. Van Slooten, Kramer, Butler, Simeri, Konopa & Laderer, South Bend, for appellees.

STATON, Judge.

Russell and Louise Parke appeal the trial court's grant of summary judgment in favor of defendants Charles Bryan and Woods Edge Mobile Modular Sales, Inc. (Woods Edge). The Parkes present three issues for our review, which we consolidate and rephrase as the following:

I. Whether the Parkes made a binding election of remedies.

II. Whether the trial court abused its discretion in denying the Parkes' motion to amend their complaint.

We reverse.

In 1986, the Parkes purchased a new mobile home from Joseph and Linda Hagar, doing business as Green Acres Mobile Modular Sales. The Parkes traded in their old mobile home to the Hagars, and paid $8,735.00 of the $11,098.34 purchase price. On June 23, 1987, after a number of unsuccessful attempts to obtain delivery of the mobile home, the Parkes sued the Hagars in Tippecanoe County for rescission of the contract and restitution of all monies paid. On August 21, 1987, the Tippecanoe Circuit Court entered a default judgment in favor of the Parkes in the amount of $15,000.00.

Some time after obtaining the default judgment, the Parkes learned that the Hagars were employed by Bryan and Woods Edge. . The Parkes also discovered that the mobile home they had intended to purchase was held by the First National Bank of Elkhart (Bank)[1] under a floor financing plan with Bryan and Woods Edge. Appar-

1. The Bank is not a party to this appeal. Bryan and Woods Edge filed a motion to dismiss the appeal on the grounds that the trial court's grant of summary judgment did not dispose of the case as to all parties. They contend that this order was not a final appealable order because the trial court did not direct entry of judgment as provided by Ind.Rules of Procedure, Trial Rule 56(C), which states in part:

ently, the Bank never received the money for this item of inventory and accordingly, did not relinquish title to the Parkes. On April 14, 1989, the Parkes filed a complaint against the Bank, Bryan, Woods Edge and the Hagars for declaratory judgment, a restraining order, and damages. Each defendant, except the Hagars, filed an answer to the complaint, while Bryan and Woods Edge also filed a motion for summary judgment, alleging that the Parkes' election of remedies in the Tippecanoe Circuit Court precluded their recovery in the present case. On April 10, 1990, the trial court entered summary judgment in favor of Bryan and Woods Edge.

On review of a grant of summary judgment, this court must determine whether the record reveals a genuine issue of material fact and whether the trial court correctly applied the law. *Boone County Area Plan Com'n v. Kennedy* (1990), Ind. App., 560 N.E.2d 692, 694, *trans. denied.* We use the same standards as the trial court and review the pleadings, depositions, affidavits, answers to interrogatories, and admissions in a light most favorable to the non-moving party. *Bischoff Realty, Inc. v. Ledford* (1990), Ind.App., 562 N.E.2d 1321, 1323.

## I.

### *Election of Remedies*

Bryan and Woods Edge contend that the Parkes' lawsuit in the Tippecanoe Circuit Court constitutes a binding election of remedies that precludes the present litigation. The Parkes assert that they were unaware of the agency relationship between the Hagars and the appellees, and consequently, were not aware of the remedies available to them when they filed suit in Tippecanoe County. An election made without knowledge of alternative courses of action, the Parkes argue, is not a binding election.

■■■ The doctrine of election of remedies applies only where a party has chosen one remedy and later pursues another remedy which is repugnant to or inconsistent with the remedy selected. *New York Central Railroad Co. v. Churchill* (1966), 140 Ind.App. 426, 218 N.E.2d 372, *trans. denied.* In other words, "a party cannot pursue a remedy based on the theory of affirmance of an event or transaction and subsequently pursue a remedy where the theory is based on the denial of the same event or transaction." *Id.* at 430, 218 N.E.2d at 375.

In this case, the Parkes sought rescission of the contract in the Tippecanoe Circuit Court in 1987; they now seek enforcement of the contract by way of a judgment declaring them to be the owners. The present action is repugnant to and inconsistent with the former lawsuit.

The Parkes cite *Banta v. Banta* (1948), 118 Ind.App. 117, 76 N.E.2d 698, *reh. de-*

---

A summary judgment upon less than all the issues involved in a claim or with respect to less than all the claims or parties shall be interlocutory unless the court in writing expressly determines that there is not just reason for delay and in writing expressly directs entry of judgment as to less than all the issues, claims or parties.

The trial court did not enter judgment in favor of the Bank; in fact, the Bank did not move for summary judgment. Therefore, the requirements of T.R. 56(C) should have been met.

Although the grant of summary judgment in this case was not a final appealable order, this court may yet reach the merits of the appeal pursuant to Ind.Rules of Procedure, Appellate Rule 4(E), which provides:

No appeal will be dismissed as of right because the case was not finally disposed of in the court below as to all issues and parties, but upon suggestion or discovery of such a situation the appellate tribunal may, in its discretion, suspend consideration until disposition is made of such issues, or it may pass upon such adjudicated issues as are severable without prejudice to parties who may be aggrieved by subsequent proceedings in the court below.

Our courts are in general agreement that A.R. 4(E) allows this court to exercise its discretion to review cases such as this. *See Krueger v. Bailey* (1980), Ind.App., 406 N.E.2d 665. *See also Indiana Dep't of Highways v. Small, Inc.* (1986), Ind.App., 495 N.E.2d 248, *trans. denied; Huff v. House* (1983), Ind.App., 452 N.E.2d 1015; *Parrett v. Lebamoff* (1979), 179 Ind.App. 25, 383 N.E.2d 1107. *But see Huff, supra,* at 1017–18 (Conover, J., dissenting); *Kasten v. Sims Motor Transport* (1975), 166 Ind.App. 117, 333 N.E.2d 906. Because we find the Bank would not be prejudiced by an order remanding this cause for trial, we will address the merits of this appeal.

*nied* 118 Ind.App. 117, 77 N.E.2d 597, for the proposition that a binding election of remedies in situations involving a prior lawsuit culminating in a judgment requires the application of the elements of *res judicata,* including mutuality of parties and a final determination on the merits in the former action. The Parkes contend that those elements are absent in this case. Actually, the appellee in *Banta* asserted the separate defenses of *res judicata and* election of remedies, and the appellate court treated those defenses separately. The *Banta* court did not require that the elements of the former be shown to prove the existence of the latter. In fact, the court found that the demurrer against the defense of *res judicata* should have been sustained by the trial court, but resulted in harmless error because the appellee successfully established an election of remedies defense. *Id.* at 125–26, 76 N.E.2d at 701–02.

This brings us to the Parkes' contention that the election of remedies doctrine has no application in this case because the alternative remedy against the appellees was not "available" when the first suit was filed in Tippecanoe County. Our courts have applied the doctrine only when there are two or more *co-existent* remedies available to the litigant at the time of the election. *Banta, supra,* at 124, 76 N.E.2d at 701; *Kimmel v. Captain* (1940), 107 Ind. App. 621, 24 N.E.2d 435, *trans. denied.* The Parkes did not learn that the Hagars were the employees of Bryan and Woods Edge until well after judgment was rendered in the Tippecanoe Circuit Court.[2]

In determining whether there has been an election of remedies, it is the intention and purpose of the party alleged to have made the election which is controlling. *Ludlow v. Free* (1944), 222 Ind. 568, 55 N.E.2d 318. Clearly, if the Parkes were not aware of their cause of action against Bryan, Woods Edge and the Bank at the time they filed their initial lawsuit, they could not have intentionally selected one of two or more "co-existing" remedies available to them. "That designed selection cannot occur if the party be ignorant of his rights. He cannot deliberately select one of two or more remedies if he know of but one to which he is entitled." *Standard Oil Co. v. Hawkins* (7th Cir.1896), 74 F. 395, 398. "In order to constitute a valid election, the act must be done with a full knowledge of the circumstances of the case, and the right to which the person put to his election was entitled." *Id.* (quoting Kerr, Fraud & Misrepresentation 453 (Am. ed.)). *See also Burrus v. American Casualty Co.* (7th Cir.1975), 518 F.2d 1267 (election binding where plaintiff *was* aware of two co-existing remedies).

In *Banta, supra,* the cross-complainants first sought to affirm a deed and asked the court to declare a resulting trust. In the second action, the same litigants sued to disaffirm the entire transaction and asked the court to set aside the deed for fraud in its procurement. The appellate court found a binding election of remedies in the party's choice to seek affirmance of the deed, *absent an allegation by the cross-complainants that they were ignorant of the fraud at the time they prosecuted the former suit.* 118 Ind.App. at 124–25, 76 N.E.2d at 701.

The Parkes were unaware of the Hagars' affiliation with appellees until well after the Tippecanoe Circuit Court entered default judgment in the first suit. Because the Parkes filed the initial suit without full knowledge of the circumstances of the case, they could not have made a binding

---

**2.** Appellees Bryan and Woods Edge contend that there are no facts in the record to support the conclusion that the Hagars were affiliated in any way with appellees, discounting Russell Parke's affidavit testimony as mere legal conclusions not sufficient to create a factual controversy. However, this court is required to consider the pleadings as well as affidavits and discovery materials. *Bischoff Realty, supra,* at 1323. The Parkes' complaint alleges that Woods Edge is a limited partnership that succeeded in interest to the business operated by the Hagars, and that Bryan is the general partner of the Woods Edge limited partnership. The Bank admits these allegations in its answer, and appellees themselves admit a number of allegations from which an agency relationship may be inferred. Thus, even if this court was to ignore Russell Parke's affidavit, an examination of the entire record, construed in favor of the Parkes, raises a genuine issue of material fact for trial.

election. Accordingly, summary judgment in favor of the appellees is reversed.[3]

## II.

### Amendment of Complaint

The Parkes assert the trial court abused its discretion in denying leave to amend their complaint. The Parkes wished to amend the complaint to specifically allege the existence of an agency relationship between the Hagars and the appellees.

After a responsive pleading has been served, a party may amend a pleading only by leave of court. T.R. 15(A). Leave to amend will be given when justice so requires. *Id.* A court's decision on whether to permit an amendment is within its broad discretion, and will only be reviewed for an abuse of that discretion. *Community State Bank v. O'Neill* (1990), Ind.App., 553 N.E.2d 174.

In this case, the Parkes moved to amend their complaint three months after appellees filed their answer, and nearly two weeks after the hearing on the motion for summary judgment. We cannot say that the trial court abused its discretion in this case. This does not, however, foreclose the Parkes from raising the agency relationship at trial. In a "notice pleading" state such as Indiana, all that is required in the complaint is a clear and concise statement that will put the defendant on "notice" as to what has taken place and the theory that the plaintiff plans to pursue. Every inference is granted to plaintiffs to afford them their day in court. *Houin v. Bremen State Bank* (1986), Ind.App., 495 N.E.2d 753.

As noted in the resolution of the first issue, *supra*, note 2, the complaint was adequate to serve notice to the appellees that the lawsuit was based on their affiliation with the Hagars. An amendment specifically alleging an agency relationship is not necessary.

Reversed and remanded.

HOFFMAN, P.J., concurs in result.

SHARPNACK, J., concurs.

---

[3] If the Parkes prevail at trial, they would only be entitled to a single recovery; they may not also recover their default judgment against the Hagars. *See Nehi Beverage Co., Inc. v. Petri* (1989), Ind.App., 537 N.E.2d 78, *trans. denied*

(court does not condone more than one satisfaction for a single wrong).