SLR PLUMBING & SEWER,
INC., Appellant–Plaintiff,

v.

Ashraq A. TURK and Rizan R. Turk,
Appellees–Defendants.

No. 71A03–0105–CV–157.

Court of Appeals of Indiana.

Oct. 22, 2001.

William L. Labre, Edwardsburg, MI, Attorney for Appellant.

Timothy J. Abeska, Barnes & Thornburg, South Bend, IN, Attorney for Appellee.

**OPINION**

SHARPNACK, Chief Judge.

SLR Plumbing and Sewer, Inc. ("Subcontractor") appeals the trial court's grant of summary judgment in favor of Ashraq and Rizan Turk (collectively "Owners") and the trial court's grant of attorney fees to Owners.[1] Subcontractor raises four issues, which we consolidate and restate as:

1. Whether the trial court erred in refusing to grant Subcontractor leave to amend its complaint against Owners to include a specific reference to the personal responsibility provision of the Mechanic's Lien statutes, Ind. Code § 32–8–3–9;[2]

---

1. We direct Subcontractor's attention to Ind. Appellate Rule 46(A)(10), which provides in part: "The brief shall include any written opinion, memorandum of decision or findings of fact and conclusions thereon relating to the issues raised on appeal."

2. The personal responsibility statute allows a subcontractor to hold an owner personally

2. Whether the trial court erred in granting Owners' motion for summary judgment based upon the court's refusal to apply Ind.Code § 32–8–3–9 and the doctrine of *quantum meruit*; and

3. Whether the trial court abused its discretion by awarding attorney fees to Owners pursuant to Ind.Code § 34–52–1–1.

We affirm in part and reverse in part.

The relevant facts follow. On April 4, 1997, Owners entered into a construction agreement with D.C. Hay Company, Inc. ("General Contractor") for the construction of a new home. General Contractor and Subcontractor entered into a contract for plumbing services on the construction of Owners' home. During the course of construction, Owners made changes to the plumbing specifications. Owners indicated these changes to either General Contractor or the plumbing supply store who, in turn, indicated the changes to Subcontractor.[3]

On April 10, 1998, Subcontractor's attorney sent Owners a letter which stated, in pertinent part:

**RE: NOTICE OF FURNISHING OF LABOR and MATERIALS and NOTICE OF INTENTION TO CLAIM MECHANICS LIEN**

Dear [Owners]:

Please be advised that [Subcontractor] has ... furnished labor and materials on your home ... and intends to claim a Mechanics Lien upon the premises.

The total amount now due to [Subcontractor], and not paid by the General Contractor, is $12,760.30. This amount may, however, be different from the final amount which you owe in the event of any future change orders.

The amount now due, or which may hereafter become due, should be paid directly to [Subcontractor]. . . .

Appellant's Appendix at 58 (emphasis in original). Despite its attempt to give Owners notice of intent to claim a mechanic's lien, Subcontractor failed to record a mechanic's lien against Owners' real estate.

After receiving Subcontractor's letter, Owners told General Contractor that Subcontractor intended to assert a claim for payment, and thus, a final closing would not occur until all Subcontractors were paid. General Contractor informed Owners that subcontractor was not entitled to full payment. Subsequently, at the final closing on July 15, 1998, Owners tendered a final payment of $181,620.55 to General Contractor in return for a Contractor's Affidavit and Lien Waiver. The Contractor's Affidavit provided, in relevant part: "That all bills for labor, material and subcontractors are/or will be fully paid and discharged from the construction draw contemporaneous herewith, for the improvements *completed to date.*" Appel-

---

liable for amounts owed to subcontractor, for work on owner's property, that were not paid by the general contractor. *See infra* Part IIA.

**3.** The Record is unclear regarding whether Owners ever directly contacted Subcontractor to change the plumbing specifications. The affidavit of Steven Seifer, President of Subcontractor, seems to suggest in paragraphs three and four that Owners modified their plumbing specifications directly with the store that supplied plumbing materials who then communicated the changes to Subcontractor. Subsequently, Subcontractor notified General Contractor of the changes. However, paragraph five of the Seifer affidavit implies that Owners made plumbing modifications directly to General Contractor, who then informed Subcontractor. Regardless of whether the supply store or General Contractor communicated Owners' plumbing modifications to Subcontractor, Owners apparently did not have direct contact with Subcontractor.

lant's Appendix at 103 (emphasis in original). Owners never agreed to compensate Subcontractor directly.

On December 30, 1998, Subcontractor filed a complaint against Owners alleging a cause of action in *quantum meruit*.[4] In response, Owners filed a motion for summary judgment. At the hearing on Owners' motion for summary judgment, Subcontractor orally moved for summary judgment pursuant to Ind. Trial Rule 56(B),[5] or in the alternative, for leave to amend its complaint to include a specific reference to Ind.Code § 32–8–3–9. The trial court granted summary judgment in favor of Owners, denied Subcontractor's cross-motion for summary judgment, and awarded attorney fees to Owners pursuant to Ind.Code § 34–52–1–1. The trial court also implicitly denied Subcontractor's oral motion to amend its complaint.

## I.

■ The first issue is whether the trial court erred in refusing to grant Subcontractor leave to amend its complaint against Owners to include a specific reference to Ind.Code § 32–8–3–9. Indiana Trial Rule 15 governs the amendment of pleadings and provides, in pertinent part: "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be given when justice so requires." The trial court retains broad discretion in granting or denying amendments to pleadings, and we

will reverse only upon a showing of abuse of that discretion. Ind. Trial Rule 15. An abuse of discretion has occurred if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. *McCullough v. Archbold Ladder Co.*, 605 N.E.2d 175, 180 (Ind. 1993).

■ In this case, despite the trial court's implicit denial of Subcontractor's oral motion to amend its complaint, the trial court did in fact analyze whether Subcontractor's letter sufficiently complied with Ind.Code § 32–8–3–9. In the findings of fact and conclusions thereon portion of its order granting summary judgment, the trial court found that the letter did nothing more than provide Owners with notice that Subcontractor intended to file a mechanic's lien on Owners' real estate. Consequently, the trial court ruled that Subcontractor's letter "did not give notice of 'personal responsibility' to [Owners] under Ind.Code 32–8–3–9." Appellant's Appendix at 12. Because the trial court examined the validity of Subcontractor's claim for relief under Ind.Code § 32–8–3–9, any error that allegedly occurred as a result of the trial court's tacit denial of Subcontractor's motion for leave to amend the complaint was harmless and "sufficiently minor so as not to affect the substantial rights" of Subcontractor. Ind. Appellate Rule 66(A) (2001) (formerly Ind. Appellate Rule 15(E)).[6] Accordingly, we

---

4. Count one of Subcontractor's complaint alleged a breach of contract action against General Contractor. That count is not before us today.

5. Indiana Trial Rule 56(B) provides, in part, "[w]hen any party has moved for summary judgment, the court may grant summary judgment for any other party upon the issues raised by the motion although no motion for summary judgment is filed by such party." Subcontractor did not file a written cross-

motion for summary judgment; rather it relied upon the language of Ind. Trial Rule 56(B). Nevertheless, the trial court treated Subcontractor's oral motion for summary judgment as an oral cross motion for summary judgment.

6. Indiana Appellate Rule 66(A) provides in part:

No error or defect in any ruling or order or in anything done or omitted by the trial

find that the trial court did not abuse its discretion by denying Subcontractor's motion to amend the complaint. *See, e.g., Parke v. First Nat'l Bank of Elkhart,* 571 N.E.2d 1317, 1321 (Ind.Ct.App.1991) *reh'g denied, trans. denied.*

## II.

▮ The second issue is whether the trial court erred in granting Owners' motion for summary judgment based upon the court's refusal to apply Ind.Code § 32-8-3-9 and the doctrine of *quantum meruit.* Initially, we observe that a trial court's specific findings of fact and conclusions thereon are not required in the summary judgment context, and although they offer valuable insight into the trial court's rationale for its judgment and facilitate our review, they are not binding on us. *Rice v. Strunk,* 670 N.E.2d 1280, 1283 (Ind. 1996). A trial court's grant of summary judgment is "clothed with a presumption of validity." *Rosi v. Business Furniture Corp.,* 615 N.E.2d 431, 434 (Ind.1993). On review of a trial court's decision to grant or deny summary judgment, we apply the same standard as the trial court: we must decide whether there is a genuine issue of material fact that precludes summary judgment and whether the moving party is entitled to judgment as a matter of law. *Carie v. PSI Energy, Inc.,* 715 N.E.2d 853, 855 (Ind.1999). We may consider only those portions of the pleadings, depositions, and any other matters specifically designated to the trial court by the moving party for purposes of the motion for summary judgment. Ind. Trial Rule 56(C), (H). Any doubt as to the existence of an issue of material fact, or an inference to be drawn from the facts, must be resolved in favor of the nonmoving party. *Cowe v.*

*Forum Group, Inc.,* 575 N.E.2d 630, 633 (Ind.1991). Although the nonmovant has the burden of demonstrating that the grant of summary judgment was erroneous, we carefully assess the trial court's decision to ensure that the nonmovant was not improperly denied his day in court. *Colonial Penn Ins. Co. v. Guzorek,* 690 N.E.2d 664, 667 (Ind.1997).

## A.

[6, 7] Subcontractor first argues that the trial court erred in granting summary judgment because Subcontractor's letter, dated April 10, 1998, satisfied the notice requirements of Ind.Code § 32-8-3-9. Generally, one who claims a statutory right must bring himself within the provisions of the statute. *Blade Corp. v. American Drywall, Inc.,* 400 N.E.2d 1183, 1187 (Ind.Ct.App.1980). Specifically, to invoke the protection of Ind.Code § 32-8-3-9, Subcontractor bears the burden of proving that its letter sufficiently complied with the notification requirements of the statute. *Id.*

▮ Ind.Code § 32-8-3-9 provides, in pertinent part:

> Any subcontractor ... may give to the owner ... notice in writing particularly setting forth the amount of his claim and services rendered, for which his employer or lessee is indebted to him, and that he holds the owner responsible for the same; and the owner shall be liable for such claim, but not to exceed the amount which may be due, and may thereafter become due, from him to the employer or lessee, which may be recovered in an action whenever an amount equal to such claim ... shall be due from such owner to the employer or lessee.

court or by any of the parties is ground for granting relief or reversal on appeal where its probable impact, in light of all the evidence in the case, is sufficiently minor so as not to affect the substantial rights of the parties.

This personal liability provision is designed to protect a subcontractor "from the consequences of the [general] contractor's absconding or going broke or otherwise defaulting" by providing to the subcontractor a means of shifting from himself to the owner the burden of the general contractor's financial difficulties. *McCorry v. G. Cowser Constr., Inc.*, 636 N.E.2d 1273, 1278 (Ind.Ct.App.1994), *adopted on transfer* 644 N.E.2d 550 (Ind.1994). Thus, the purpose of Ind.Code § 32-8-3-9 is to "prevent the inequity of an owner enjoying the fruits of a subcontractor's labor and materials without paying for them." *Id.* at 1279. Moreover, Ind.Code § 32-8-3-9 permits persons who would be entitled to a lien on a landowner's property to assert limited personal liability against the owner even though they are not in direct privity with the owner, but only with the general contractor. *Id.* at 1278.

◾ In the present case, Subcontractor's letter to Owners provided, in pertinent part:

Please be advised that [Subcontractor] has ... furnished labor and materials on your home ... and intends to claim a Mechanics Lien upon the premises.

The total amount now due to [Subcontractor], and not paid by the General Contractor, is $12,760.30. This amount may, however, be different from the final amount which you owe in the event of any future change orders.

The amount now due, or which may hereafter become due, should be paid directly to [Subcontractor]....

Appellant's Appendix at 58. This letter, on its face, gave Owners notice that Subcontractor had recently furnished labor and materials on Owners' home and intended to file a mechanic's lien upon the

real estate. However, by failing to make any reference to the personal liability statute, the letter failed to notify Owners that Subcontractor intended to hold them personally liable for compensation under Ind. Code § 32-8-3-9, and that Subcontractor expected to be paid directly from Owners for its plumbing services.[7] As the trial court observed:

The only allusion to personal liability appears in the second paragraph of the letter in which [Subcontractor] states it is due $12,760.30, that [General Contractor] has not paid it and this amount ... may be different from the final amount which 'you owe in the event of any future change orders ...'. While it is fair to say that the 'you' refers to [Owners], to whom do they owe the final amount? [Subcontractor] could be referring to [General Contractor]. Nowhere in this letter does [Subcontractor] tell [Owners] that they are being held personally responsible to pay [Subcontractor] for the plumbing work.... In addition this letter could also be interpreted as a means to encourage [Owners] to contact [General Contractor] for the purpose of encouraging [General Contractor] to pay [Subcontractor].

Appellant's Appendix at 12.

◾ Because mechanic's lien statutes, such as Ind.Code § 32-8-3-9, are purely statutory creations and are in derogation of common law, their provisions must be strictly construed. *Mid America Homes, Inc., v. Horn,* 272 Ind. 171, 396 N.E.2d 879, 881 (Ind.1979). As such, we hold that Subcontractor's letter was insufficient to provide notice to Owners that Subcontractor intended to hold Owners responsible for its compensation, under Ind.Code

---

7. The third paragraph of Subcontractor's letter does not meet the statutory requirements that Owners receive written notice particular-ly setting forth Subcontractor's intent to hold Owners responsible for services rendered. *See* I.C. § 32-8-3-9.

§ 32–8–3–9. *See, e.g., Youngstown Sheet & Tube Co. v. Patterson–Emerson–Comstock of Indiana*, 227 F.Supp. 208, 213–214 (N.D.Ind.1963). Accordingly, the trial court did not err in granting Owners' motion for summary judgment.

### B.

Subcontractor next asserts that the trial court erred in granting Owners' motion for summary judgment because Subcontractor had a valid claim under the doctrine of *quantum meruit*. A party seeking to recover on a theory of *quantum meruit* must demonstrate that a benefit was rendered to another at the express or implied request of such other party. *Timothy F. Kelly & Assocs. v. Illinois Farmers Ins., Co.*, 640 N.E.2d 82, 85–86 (Ind.Ct.App.1994). We apply four criteria to evaluate whether the evidence supports a theory of unjust enrichment in a dispute between a subcontractor and a property owner. Those criteria are whether: (1) the owner impliedly requested the subcontractor to do the work; (2) the owner reasonably expected to pay the subcontractor, or the subcontractor reasonably expected to be paid by the owner; (3) there was an actual wrong perpetrated by the owner; and (4) the owner's conduct was so active and instrumental that the owner "stepped into the shoes" of the contractor. *Stafford v. Barnard Lumber Co.*, 531 N.E.2d 202, 204 (Ind.1988).

To support its theory that the trial court erred in refusing to apply the doctrine of *quantum meruit*, Subcontractor relies upon *Stafford*, at 531 N.E.2d 202. In *Stafford*, our supreme court applied the doctrine of *quantum meruit* in a suit between a product supplier and an owner. *Id.* at 204. In *Stafford*, the evidence demonstrated that the owner expressly told the supplier that he would pay for supplier's services and that owner had stepped into the shoes of the contractor by discharging contractor, taking over the construction project, hiring laborers and material men, and completing the project using supplier's materials. *Id.* We find *Stafford* to be clearly distinguishable on its facts from the case at bar.

In this case, the undisputed facts reveal that Owners entered into a construction agreement with General Contractor for the construction of their new home. General Contractor then entered into a contract with Subcontractor for plumbing work to be performed on Owners' home. Subcontractor never contracted, nor directly communicated, with Owners. Instead, Subcontractor contracted with, and expected to be compensated for its plumbing services by, General Contractor. Moreover, the only arguably direct contact that Subcontractor had with Owners occurred when Subcontractor sent Owners the letter informing them of its intent to file a mechanic's lien. However, even upon receiving the letter from Subcontractor, Owners discussed the letter with General Contractor, not Subcontractor. At the closing, General Contractor, in a Contractor's Affidavit and Lien Waiver, declared to Owners that all subcontractors would be paid by General Contractor.

In light of the factual posture of this case, there are no genuine issues of material fact regarding at least three of the criteria necessary to assert a claim for *quantum meruit*. First, Owners never expressly or impliedly promised to pay Subcontractor for work performed, and Subcontractor never reasonably expected to be paid by Owners. Second, Owners did not perpetrate an actual wrong on Subcontractor. Instead, Owners paid the balance in full to General Contractor and had no reason to believe that General Contractor would fail to pay Subcontractor. Third, there is no evidence supporting the propo-

sition that Owners stepped into the shoes of General Contractor. Quite the contrary, Owners never engaged in any direct contact or communication with Subcontractor. Accordingly, the trial court did not err when it refused to apply the doctrine of *quantum meruit*. *See, e.g., Indianapolis Raceway Park, Inc., v. Curtiss*, 179 Ind.App. 557, 386 N.E.2d 724 (Ind.Ct.App. 1979), *reh'g denied*. Therefore, it did not err in granting Owners' motion for summary judgment.[8]

### III.

 The final issue presented by Subcontractor is whether the trial court abused its discretion by awarding attorney fees to Owners pursuant to Ind.Code § 34–52–1–1. An award or denial of attorney fees under Ind.Code § 34–52–1–1 is afforded a multi-step review. *Emergency Physicians of Indianapolis v. Pettit*, 714 N.E.2d 1111, 1115 (Ind.Ct.App.1999), *adopted on transfer*, 718 N.E.2d 753 (Ind. 1999). First, we review the trial court's findings of fact under the clearly erroneous standard, and second we review de novo the trial court's legal conclusions. *Id.* Finally, we review the trial court's decision to award attorney fees and the amount thereof under an abuse of discretion standard. *Id.*

Here, the trial court found that there was no legal basis upon which Subcontractor could recover from Owners. Accordingly, the trial court concluded:

> There having been no basis for [Subcontractor's] claim against [Owners], [Subcontractor] failing to allege or rationally

argue either a contractual relationship between the two or that [Owners] expressly or impliedly requested [Subcontractor] do the plumbing or that [Owners] promised to pay for the same, [Subcontractor's] claim against [Owners] is groundless such that it is appropriate to award attorney fees to Owners pursuant to Ind.Code 34–52–1–1(6)[9] ... Based on all the facts and circumstances a reasonable attorney fee to assess against [Subcontractor] and in favor of [Owners] is $3,200.00.

Appellant's Appendix at 14 (footnote added).

 Ind.Code § 34–52–1–1 provides in relevant part: "In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if the court finds that either party: (1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless...." A claim or defense is groundless if no facts exist which support the legal claim relied on and presented by the losing party. *Pettit*, 714 N.E.2d at 1115. However, an action is not groundless merely because a party loses on the merits. *Davis v. Sponhauer*, 574 N.E.2d 292, 302 (Ind.Ct.App.1991), *trans. dismissed*.

 While it is true that Subcontractor's claims under Ind.Code § 32–8–3–9 and the doctrine of *quantum meruit* failed, we do not believe that Subcontractor's complaint against Owners was groundless. Subcontractor relied upon the letter it sent to Owners on April 10, 1998, to support a theory of personal liability on behalf of Owners and to support a claim for *quan-*

---

8. A separate issue raised by Subcontractor is whether the trial court erred in denying it's cross-motion for summary judgment. As we have held that the trial court did not err in granting Owners' motion for summary judgment, the trial court could not have erred by failing to grant summary judgment to Sub-

contractor on those same issues. Consequently, this allegation of error by Subcontractor fails.

9. The trial court cited Ind.Code § 34–52–1–1(6). However, the relevant statute is Ind. Code § 34–52–1–1(b).

*tum meruit.* In so doing, Subcontractor made the necessary legal argument that the substance of the letter satisfied the notice requirements of Ind.Code § 32–8–3–9, or, in the alternative, that the letter along with the fact that Owners modified their plumbing specifications supported recovery under the theory of *quantum meruit.* We, however, have adopted a different interpretation of the legal significance of Subcontractor's letter and, based upon the evidence, have determined that Owners' conduct on behalf of Subcontractor did not meet the criteria necessary for a claim of *quantum meruit.* We will not punish Subcontractor for making a mistake in the application of the law to the facts. Because there are facts to support his position, Subcontractor's claim was not groundless. Accordingly, we reverse that portion of the trial court's judgment that granted attorney fees to Owners pursuant to Ind.Code § 34–52–1–1. *See, e.g., Davis,* 574 N.E.2d at 301.

For the foregoing reasons, we affirm the trial court's grant of Owners' motion for summary judgment and the denial of Subcontractor's cross-motion for summary judgment. We reverse the trial court's award of attorney fees to Owners.

Affirmed in part and reversed in part.

NAJAM, J. and RILEY, J., CONCUR.