**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANTS:

**JOHN J. JEWELL**
Trimble & Jewell
Evansville, Indiana

ATTORNEY FOR APPELLEE:

**MARILYN R. RATLIFF**
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

|  |  |  |
|---|---|---|
| STEVEN D. STOCKER and NANCY J. STOCKER, | ) ) ) | |
| Appellants-Defendants, | ) ) | |
| vs. | ) ) | No. 82A01-1106-MF-244 |
| CONNIE L. SCHNAPF, as Trustee of TRUST B ESTABLISHED UNDER THE THOMAS M. CRANE PRIMARY TRUST AGREEMENT DATED NOVEMBER 12, 1992, | ) ) ) ) ) ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Mary Margaret Lloyd, Judge
Cause No. 82D03-1010-MF-6036

**JANUARY 18, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

## STATEMENT OF THE CASE

Defendants-Appellants Steven D. Stocker and Nancy J. Stocker ("the Stockers") appeal the trial court's judgment in favor of Plaintiff-Appellee Connie L. Schnapf, as Trustee of Trust B Established Under the Thomas M. Crane Primary Trust Agreement Dated November 12, 1992 ("Schnapf"). We affirm.

## ISSUES

The Stockers raise four issues, which we consolidate and restate as:

I.      Whether the trial court erred by entering summary judgment against the Stockers as to their liability under a promissory note and mortgage.

II.      Whether the trial court erred in the course of awarding damages to Schnapf.

## FACTS AND PROCEDURAL HISTORY

In 1990, Steven D. Stocker executed a promissory note to Thomas M. Crane ("Thomas") in the amount of $45,749.27. The note was secured by a mortgage, executed by the Stockers, on several parcels of real estate in Vanderburgh County. The note was to have been paid in full by December 15, 2000.

Thomas died in 1999. Subsequently, his interest in the note and mortgage were transferred to Schnapf, in her capacity as trustee. At some point after Thomas' death, his son, Terry Crane ("Terry"), found the note and mortgage in Thomas' papers. Terry determined that the Stockers stopped making payments on the note after 1996 or 1997. Subsequently, Schnapf filed suit against the Stockers seeking payment for the value of the note, plus interest. Schnapf also sought to foreclose upon the mortgage.

The parties filed cross-motions for summary judgment. The trial court denied the Stockers' motion and granted Schnapf's motion, determining that the note and mortgage were valid and enforceable. In addition, the trial court scheduled an evidentiary hearing to determine the amount the Stockers owed Schnapf under the note. After the hearing, the trial court entered judgment in favor of Schnapf in the amount of $63,621.66. The trial court further ordered the sale of the parcels that are the subject of the mortgage. This appeal followed.

<u>DISCUSSION AND DECISION</u>

I. GRANT OF SUMMARY JUDGMENT IN FAVOR OF SCHNAPF ON LIABILITY

The Stockers argue that Schnapf's claim for payment under the note and mortgage is barred by the doctrine of laches. Thus, the Stockers contend that they are entitled to summary judgment on the question of liability.

We note that the Stockers failed to include any documents from the summary judgment proceedings in their Appellants' Appendix. In *Hughes v. King*, 808 N.E.2d 146, 147 (Ind. Ct. App. 2004), Hughes appealed the trial court's grant of summary judgment in favor of King, but he included only the trial court's summary judgment ruling in his Appellant's Appendix. In the absence of designated evidence, the Court had no basis to review the trial court's summary judgment ruling and dismissed Hughes' appeal.

In the current case, as in *Hughes*, the Stockers' Appellants' Appendix provides no basis to review the trial court's summary judgment ruling. The Stockers failed to include in their Appendix the parties' designated evidence, the parties' cross-motions for

3

summary judgment, Schnapf's response to the Stockers' motion, and the trial court's ruling. We acknowledge that this Court prefers to decide cases upon the merits where possible. *Sneed v. Associated Group Ins.*, 663 N.E.2d 789, 796 (Ind. Ct. App. 1996). Furthermore, any party's failure to include any item in an Appendix shall not waive any issue or argument. Ind. Appellate Rule 49(B). Nevertheless, despite these considerations, it is not possible to address the merits of the trial court's ruling without the summary judgment documents.

Schnapf has filed an Appellee's Appendix that includes the trial court's summary judgment ruling and the Stockers' motion for summary judgment, but not her response to the Stockers' motion. Without both parties' designations of evidence and Schnapf's response, our review of the merits of the summary judgment ruling is impeded. *See Hughes*, 808 N.E.2d at 148 (dismissing the appeal although the Appellee included some summary judgment materials in an Appellee's Appendix). Consequently, the Stockers have failed to carry their burden of proof regarding the trial court's grant of summary judgment to Schnapf, and there is no basis for reversal.

## II. DAMAGES AWARD

Our review of a damages award is limited. *Four Seasons Mfg., Inc. v. 1001 Coliseum, LLC*, 870 N.E.2d 494, 507 (Ind. Ct. App. 2007). We do not reweigh the evidence or judge the credibility of witnesses, and we will reverse an award only when it is not within the scope of the evidence before the finder of fact. *Id.* A factfinder may not award damages on the mere basis of conjecture and speculation. *Indianapolis City Mkt.*

4

*Corp. v. MAV, Inc.*, 915 N.E.2d 1013, 1024 (Ind. Ct. App. 2009). Instead, the award must be supported by probative evidence. *Four Seasons*, 870 N.E.2d at 507.

The Stockers argue that, with respect to damages, the trial court impermissibly shifted the burden of proof from Schnapf to them. Specifically, the Stockers contend that Schnapf failed to properly quantify her damages, and that the trial court required the Stockers to prove a negative by producing payment records to refute Schnapf's claim for damages. Schnapf responds that the trial court did not shift the burden of proof but merely required the Stockers to bear the burden of proof for their affirmative defense.

In her complaint, Schnapf asserted that the Stockers had failed to make all payments due under the terms of the note. Thus, Schnapf bore the burden of proving that the Stockers were in debt to Schnapf and proving the amount due. When the trial court scheduled a hearing on damages, it stated, "[Schnapf] may rely upon [evidence] previously submitted . . . as to the amount due, without being required to present live testimony, although [Schnapf] may do so if desired." Appellee's App. p. 19. Thus, the trial court recognized that Schnapf, as the plaintiff, bore the burden of proving the amount of damages owed.

By contrast, a defendant bears the burden of pleading and proving the affirmative defense of payment on a debt. *See* Ind. Trial Rule 8(C). In the summary judgment order, the trial court noted that the Stockers asserted that they had located records "indicating partial payment of this obligation." Appellee's App. p 18. The trial court ordered the Stockers to produce to Schnapf "evidence of any payments made upon this obligation." *Id.* at 19. Thus, the trial court appropriately recognized that the Stockers bore the burden

5

of proof on their affirmative defense. We find no error in the trial court's identification of the parties' burdens of proof.

Next, the Stockers argue that there is insufficient evidence to support the trial court's damage award, describing Schnapf's evidence as "speculative." Appellants' Br. p. 9. Alternatively, the Stockers assert that, at best, Schnapf only proved nominal damages. In this case, Schnapf initially alleged damages in the amount of $136,485.38, which included the total amount due under the note, interest, attorney fees, and title search charges. After the trial court granted summary judgment to Schnapf on liability, the Stockers provided evidence of payments they had made to Thomas. After receiving evidence of the payments, Terry recalculated the interest rate and the balance due. Terry testified at the evidentiary hearing that based upon his calculations, the Stockers owed $61,121.66 on the note. This evidence is more than speculative. Rather, Schnapf presented probative evidence establishing the calculations used to determine the outstanding balance. The trial court's damage award of $63,621.66 (the amount due on the note plus $2,500.00 in attorney's fees) is within the scope of the evidence, and we find no error. *See Marathon Oil Co. v. Collins*, 744 N.E.2d 474, 483 (Ind. Ct. App. 2001) (affirming the trial court's award of damages where the damages were supported by calculations submitted by the plaintiff).

## CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

NAJAM, J., and BRADFORD, J., concur.

6