Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 12 2013, 6:01 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**JEFFREY GRIEBEL**
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEFFREY GRIEBEL, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 53A04-1304-DR-191 |
| | ) | |
| LEHSA GRIEBEL, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE MONROE CIRCUIT COURT
The Honorable Douglas R. Bridges, Senior Judge
Cause No. 53C06-0306-DR-344

**September 12, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Pro-se Appellant Jeffrey Griebel ("Father") challenges a child support order regarding his children with Lehsa Griebel ("Mother"). Father articulates no specific issue for review but requests several modifications of the order. Without a transcript or statement of evidence, we lack a basis for review of Father's general contentions as to factual error. We dismiss.

**Facts and Procedural History**

On April 1, 2011, Mother filed a petition to modify child support and healthcare insurance. Her petition alleged that she and Father were the parents of three minor children, Mother's employment had been terminated, and she could not provide healthcare insurance for the children.

Pursuant to an Agreed Modification Order dated October 13, 2011, Father was awarded temporary physical custody of one daughter and Mother retained physical custody of two daughters. Father was ordered to pay child support of $274 weekly,[1] 50% of extra-curricular activities, and a proportional income-based share of uninsured medical expenses.

On April 20, 2012, Father filed a petition for modification of child support. After an unsuccessful referral to mediation and the resolution of some discovery issues, the matter was set for a contested hearing. On October 29, 2012, a hearing was conducted. The chronological case summary includes the notation: "Parties waived record." (App. 11.) According to Father, the entry "is a lie." (Appellant's Br. at 9.)

---

[1] He was given credit for $80 weekly payment on marital debt; thus, the withholding order was issued for $194.00 weekly.

On March 18, 2013, the trial court increased Father's child support by $35 – to $309 weekly ($229 after credit for payment on marital debt). Father was also ordered to pay 77% of the children's uninsured healthcare expenses and 50% of the extra-curricular expenses.

Father appeals.

## Discussion and Decision

Father does not articulate a specific issue for appellate review. Rather, he asserts in the argument portion of his brief that his income was over-stated by Mother's counsel, there was an insufficient change to support modification, Mother did not satisfactorily prove the amount of uninsured medical expenses, the chronological case summary reflected a lie, and Mother perjured herself. He requests specific relief: the return of $1,554.19 paid for medical expenses, "dropping of the requirement to pay extra-curricular expenses and the return of all such expenses previously paid," child support remaining at the prior level of $194 per week, no requirement to pay attorney's fees, Mother's assumption of 100% of the health care costs for the children in her physical custody, and finally, in the event of a re-trial, that it be conducted before Judge Hill as opposed to Judge Bridges. (Appellant's Br. at 12.)

No transcript of the October 29, 2012 hearing exists.[2] Moreover, Father admittedly did not comply with Appellate Rule 31(A), which provides:

> If no Transcript of all or part of the evidence is available, a party or the party's attorney may prepare a verified statement of the evidence from the best available sources, which may include the party's or the attorney's recollection. The party shall then file a motion to certify the statement of evidence with the

---

[2] We believe the trial court should rethink its policy in allowing parties to waive a record in matters such as these.

3

trial court or Administrative Agency. The statement of evidence shall be attached to the motion.

Griebel has also failed to comply with Appellate Rule 46, which requires, in relevant part, a table of authorities and a concise and particular description of issues presented for review. He has failed to support his general claims of error with appropriate citation to relevant authorities. Moreover, despite making claims of perjury, fraud on the court, and attorney misrepresentation, he has wholly failed to provide a record to support any contention of factual error.

In light of the foregoing, we dismiss Father's appeal. See Hughes v. King, 808 N.E.2d 146, 148 (Ind. Ct. App. 2004) (observing that, where the appellate court lacks a basis upon which to review substantive issues on the merits, dismissal is appropriate).

Dismissed.

MAY, J., and BRADFORD, J., concur.