Charles HUGHES, Appellant–Petitioner,

v.

Scott KING, James Meyer, Otha Lyles, et al., Appellees–Respondents.

No. 45A05–0402–CV–86.

Court of Appeals of Indiana.

May 13, 2004.

Thomas V. Barnes, Gary, IN, Attorney for Appellant.

James B. Meyer, Rebecca L. Wyatt, Meyer & Wyatt, Gary, IN, Attorneys for Appellees.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Charles Hughes appeals the trial court's grant of summary judgment in favor of Scott King, *et al.* ("the Appellees"). However, we do not address the substantive issue Hughes raises on appeal because his noncompliance with Indiana Appellate Rule 50 precludes our review.

We dismiss.

### DISCUSSION AND DECISION

■ Although we prefer to dispose of cases on their merits, where an appellant fails to substantially comply with the appellate rules, then dismissal of the appeal is warranted. *Angleton v. Estate of Angleton*, 671 N.E.2d 921, 924 n. 3 (Ind.Ct. App.1996), *trans. denied.* Indiana Appellate Rule 49(A) provides in part that "[t]he

appellant *shall* file its Appendix with its appellant's brief." (Emphasis added). And Indiana Appellate Rule 50(A) provides in relevant part:

(1) *Purpose.* The purpose of an Appendix in civil appeals ... is to present the Court with copies of only those parts of the record on appeal that are necessary for the Court to decide the issues presented.

(2) *Contents of Appellant's Appendix.* The appellant's Appendix shall contain a table of contents and copies of the following documents, if they exist:

(a) the chronological case summary for the trial court ...;

(b) the appealed judgment or order ...;

\*   \*   \*

(f) pleadings and other documents from the Clerk's Record in chronological order that are necessary for resolution of the issues raised on appeal[.]

(Italics original, emphases added).

■ Here, in his appellant's brief, Hughes includes a page labeled "Appendix," which states: "1. Court Order file marked 10/14/2003." The next page of his brief contains a copy of the summary judgment order from which he appeals. Hughes filed no other separate or supplemental Appendix. Further, in a footnote at the beginning of the "Facts" section of his brief, Hughes notes: "The source of assertions of fact which are in parentheses following the assertion, unless otherwise noted, refer to the Designation of Materials in Support of Plaintiff's Motion for Summary Judgment, filed on June 1, 1998."

■ Hughes is appealing from the trial court's grant of a summary judgment motion. Our review of a trial court's grant of summary judgment is de novo, but our review is limited to the designated evidence. *See* Ind. Trial Rule 56. The Ap-

**148**

pendix Hughes included in his brief contains only one of the documents set forth under Appellate Rule 50(A)(2), namely, the trial court's order. Hughes has not provided copies of the parties' motions for and responses to summary judgment. Most significantly, he has failed to provide us with copies of the designated evidence the trial court considered in ruling on the summary judgment motion. As a result, his citations which he claims "refer to the Designation of Materials in Support of Plaintiff's Motion for Summary Judgment, filed on June 1, 1998," are meaningless.[1]

 We acknowledge that the Appellees filed an Appendix, which presumably includes at least some of the evidence that *they* had designated at summary judgment. Still, we have no way of knowing what evidence Hughes designated, or whether his designations included the same or additional evidence. Where, as here, a party appeals the trial court's entry of summary judgment, we can only conduct a de novo review if the parties have provided us with a complete copy of the evidence designated to the trial court.[2] Because Hughes has failed to comply with that requirement, we have no basis upon which to review the substantive issue he has raised on the merits. We therefore dismiss this appeal.[3]

Dismissed.

KIRSCH, C.J., and RILEY, J., concur.

---

1. For example, Hughes cites to various exhibits, but he did not provide copies of those exhibits in his Appendix.

2. In appeals from summary judgments, the parties' Appendices should also include copies of all motions for summary judgment, memoranda in support, and responses thereto.

3. Additionally, without a copy of the chronological case summary for the trial court, as required by Appellate Rule 50(A)(2)(a), we have no way of determining whether the parties' statements of the case are accurate.