David A. YOQUELET, et al.,
Appellants–Plaintiffs,

v.

MARSHALL COUNTY, Appellee–
Defendant.

No. 50A03–0309–CV–343.

Court of Appeals of Indiana.

July 8, 2004.

---

Alan D. Burke, Burke & Lee, Rochester, IN, for Appellants.

James N. Clevenger, Kizer & Neu, Plymouth, IN, Attorney for Appellee.

## OPINION

SHARPNACK, Judge.

David Yoquelet and other former employees of Marshall County[1] (collectively "Employees") appeal the trial court's grant of Marshall County's motion for summary

judgment. Employees raise one issue, which we restate as whether the trial court erred by granting Marshall County's motion for summary judgment in part. Because the appellants have not provided us with the materials necessary to consider their appeal, we affirm.

The relevant facts follow. On December 4, 1996, Employees filed a complaint for unpaid wages against Marshall County for the calendar years 1991 through 1995. In 2000, Employees filed a motion for partial summary judgment which was denied. Marshall County later filed a motion for summary judgment along with its designation of evidence in support of its motion. Employees filed a response to Marshall County's motion for summary judgment along with their designation of evidence in support of their response. On January 28, 2003, after a hearing, the trial court granted Marshall County's motion for summary judgment in part, finding that Marshall County "was entitled to judgment as a matter of law with regard to [Employees'] claims for additional compensation for the calendar years 1992, 1993, and 1994." Appellee's Appendix at 21. On May 7, 2003, the matter proceeded to trial on the remaining issues, and the trial court entered judgment for Marshall County. Employees filed a motion to correct errors, which the trial court denied.

Employees then filed a notice of appeal from the trial court's January 28, 2003 partial grant of Marshall County's motion for summary judgment.[2] On appeal, Em-

---

1. The following persons are named as plaintiffs in the Appellant's Brief: Howard Lamaster, Norman Long, Kenneth A. Relos, Philipe M. Beam, Marilyn D. Byers, Ward S. Byers, Bruce L. Carter, Duane Culp, Gary L. Dunlap, Timothy D. Grace, Adam L. Gray, Tom Hellinga, Bill Hesler, Connie S. Hodges, Susan S. Huff, Linda K. Hyndman, Darlene Mangus, Dadanna Orsund, Kent A. Sallee, Linda Secor, Jeffrey C. Sharp, Kevin Sherk, Larry L.

Snyder, Susan Sporner, Cynthia Wiseman, David Wiseman, and Ted W. Zentz.

2. We note that Employees' notice of appeal indicates that Employees were also appealing from the trial court's June 18, 2003, judgment and its order denying Employees' motion to correct errors. However, there is nothing in appellant's brief indicating that Employees are appealing from anything but the trial

ployees filed an appellant's brief but did not file an appellant's appendix, and Marshall County filed an appellee's brief along with its appellee's appendix.[3] Employees then filed a reply brief.

■ The sole issue is whether the trial court erred by granting Marshall County's motion for summary judgment. On appeal, the standard of review of a grant or denial of a motion for summary judgment is the same as that used in the trial court: summary judgment is appropriate only where the designated evidence shows that there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *Corr v. Am. Family Ins.*, 767 N.E.2d 535, 537 (Ind.2002). On appeal, the trial court grant of summary judgment is "clothed with a presumption of validity" and the appellant has the burden to prove that the trial court erred in its determination that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Rosi v. Bus. Furniture Corp.*, 615 N.E.2d 431, 434 (Ind.1993) (quoting *Ind. Dep't of State Revenue v. Caylor–Nickel Clinic, P.C.*, 587 N.E.2d 1311, 1312–1313 (Ind.1992)).

■ Trial Rule 56(c) provides, in part, that:

At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. A party opposing the motion shall also designate to the court each material issue of fact which that party asserts precludes entry of summary judgment and the evidence relevant thereto.

When reviewing the grant of a motion for summary judgment, we may consider only those portions of the pleadings, depositions, and any other matter specifically designated to the trial court for purposes of the motion for summary judgment. *SLR Plumbing & Sewer, Inc. v. Turk*, 757 N.E.2d 193, 198 (Ind.Ct.App.2001).

Moreover, Ind. Appellate Rule 49(A), which governs the filing of appendices, provides that:

The appellant shall file its Appendix with its appellant's brief. The appellee shall file its Appendix, if any, with its appellee's brief. Any party may file a supplemental Appendix without leave of court until the final reply brief is filed.

Ind. Appellate Rule 50 governs the content of appendices and provides, in part, that:

(1) Purpose. The purpose of an Appendix in civil appeals and appeals from Administrative Agencies is to present the Court with copies of only those parts of the record on appeal that are necessary for the Court to decide the issues presented.

(2) Contents of Appellant's Appendix. The appellant's Appendix shall contain a

---

court's grant of Marshall County's motion for partial summary judgment. Thus, we will only address the issue of whether the trial court erred by granting Marshall County's motion for partial summary judgment.

**3.** The only material contained in appellee's appendix is the chronological case summary, the trial court's January 28, 2003, order, and an affidavit which had apparently been filed in response to the earlier motion for partial

summary judgment by Employees. We direct Marshall County's attention to Ind. Appellate Rule 50(3), which provides that appellee is subject to the same rules regarding appendices as appellant. Thus, when Employees failed to file an appendix in accordance with App. R. 50(2), Marshall County should have filed an appendix that included the omitted documents. *See* discussion infra.

table of contents and copies of the following documents, if they exist:

\* \* \* \* \*

(b) the appealed judgment or order, including any written opinion, memorandum of decision, or findings of fact and conclusions thereon relating to the issues raised on appeal;

\* \* \* \* \*

(f) pleadings and other documents from the Clerk's Record in chronological order that are necessary for resolution of the issues raised on appeal;

\* \* \* \* \*

(3) Appellee's Appendix. The contents of the appellee's Appendix shall be governed by Section (A)(2) of this Rule, except the appellee's Appendix shall not contain any materials already contained in appellant's Appendix. The Appendix may contain additional items that are relevant to either issues raised on appeal or on cross-appeal.

■ Here, Employees did not file an appendix but rather submitted the transcript of the trial along with the exhibits that Employees and Marshall County admitted during the trial.[4] Ind. Appellate Rule 50(2) required that Employees include within their appendix all documents necessary for the resolution of the issues raised on appeal, and because Employees are appealing the denial of a motion for summary judgment, they should have included within their appendix all of the documents that Employees and Marshall County had designated to the trial court as well as all pertinent motions and reply motions. Employees did not provide us with: (1) Marshall County's motion for summary judgment; (2) Marshall County's designation of evidence in support of its motion for summary judgment; (3) Employees' response to Marshall County's motion for summary judgment; and (4) Employees' designation of evidence in support of its response to Marshall County's motion for summary judgment.

■ We note that Ind. Appellate Rule 49(B), which governs the filing of appendices, provides that: "Any party's failure to include any item in an Appendix shall not waive any issue or argument." We also acknowledge that our supreme court has examined this rule in the context of a criminal appeal and held that:

> The better practice for an appellate court to follow in criminal appeals where an Appendix is not filed or where an Appendix is missing documents required by rule is to order compliance with the rules within a reasonable period of time, such as thirty days. If an appellant inexcusably fails to comply with an appellate court order, then more stringent measures, including dismissal of the appeal, would be available as the needs of justice might dictate.

*Johnson v. State*, 756 N.E.2d 965, 967 (Ind. 2001). However, *Johnson* is distinguishable from this matter because, here, we are reviewing a civil appeal. Moreover, both our appellate rules as well as applicable case law clearly indicate that when appealing the grant or denial of a motion for summary judgment, the moving party must file with the appellate court those materials that were designated to the trial

---

4. We note that the May 7, 2003, trial was held over three months after the trial court issued its order granting Marshall County's motion for partial summary judgment, and we question the relevance of the submission of the trial transcript and the accompanying exhibits for our review of the trial court's January 28, 2003, grant of Marshall County's motion for summary judgment.

court for purposes of reviewing the motion for summary judgment. *See* App. R. 50; *SLR Plumbing & Sewer, Inc.*, 757 N.E.2d at 198.

The only portion of the record that Employees submitted was the trial transcript and accompanying exhibits, the trial court's June 18, 2003, judgment for Marshall County, and the trial court's January 28, 2003, order granting Marshall County's motion for summary judgment. As previously mentioned, we may consider only those portions of the pleadings, depositions, and any other matter specifically designated to the trial court for purposes of the motion for summary judgment. Without the designated evidence, which the trial court relied upon in drafting its summary judgment order, we cannot review the trial court's decision to grant Marshall County's motion for summary judgment. As a consequence, Employees have failed to prove that the trial court erred, and the presumption of the validity of the summary judgment remains.

For the foregoing reasons, we affirm the judgment of the trial court.[5]

Affirmed.

VAIDIK, J., concurs.

MATHIAS, J., dissents with separate opinion.

MATHIAS, Judge, dissenting.

I respectfully dissent from the majority's decision to resolve this case based upon Employees' failure to file the Appendix required by Appellate Rules 49 and 50. I believe that while Employees' failure is not to be countenanced, an appellate order to supplement is the proper procedure for our court in these circumstances in civil

cases, as well as in criminal cases. Ind. App. R. 49(B).

If Employees failed to comply with such an order, then the appeal could be dismissed, rather than resolved on the burden of proof. All cases, criminal and civil, are too important to resolve other than on their merits, except in unusual circumstances which are not present here.

---

5. We note that another consequence of Employees' failure to file an appendix could be dismissal. *Hughes v. King,* 808 N.E.2d 146, 148 (Ind.Ct.App.2004).