**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 29 2012, 9:39 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANTS PRO SE:

**MARGARET R. SMITH**
**DARRELL G. SMITH**
Williamsburg, Indiana

ATTORNEY FOR APPELLEE:

**BRYAN K. REDMOND**
Feiwell & Hannoy, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| MARGARET R. SMITH and DARRELL G. SMITH, ) ) ) | |
| Appellants-Defendants, ) ) | |
| vs. ) ) | No. 89A01-0702-CV-94 |
| JP MORGAN CHASE BANK, AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT, DATED AS OF JUNE 1, 2003, AMONG CREDIT-BASED ASSET SERVICING AND SECURITIZATION, LLC, C-BASS ABS, LLC, LITTON LOAN SERVICING, LP, AND JP MORGAN CHASE BANK, C-BASS MORTGAGE LOAN ASSET BACKED CERTIFICATES, SERIES 2003-RPI, ) ) ) ) ) ) ) ) ) ) ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE WAYNE SUPERIOR COURT
The Honorable P. Thomas Snow, Judge
Cause No. 89D01-0512-MF-132

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Margaret and Darrell Smith appeal the trial court's grant of summary judgment in a foreclosure action brought by JPMorgan Chase Bank, as trustee under the pooling and servicing agreement, dated as of June 1, 2003, among credit-based asset servicing and securitization LLC, C-Bass ABS, LLC, Litton Loan Servicing, LP, and JPMorgan Chase Bank, C-Bass Mortgage Loan Asset Backed Certificates, Series 2003-RPI (collectively, "JPMorgan"). We affirm.

## Issue

The Smiths raise one issue, which we restate as whether the trial court properly granted summary judgment to JPMorgan on its foreclosure action.

## Facts

In 1997, the Smiths executed a promissory note in the amount of $104,000.00, which was secured by a mortgage on property in Richmond. After a series of recorded assignments, the note and mortgage were last assigned to JPMorgan. In 1998, the Smiths filed for Chapter 13 bankruptcy. On October 29, 2001, the bankruptcy court ordered the following:

> The debtors [the Smiths] shall pay their post petition mortgage payment due October 1, 2001 in the amount of $1,059.76 on or before October 15, 2001 and will thereafter make their post petition mortgage payments on a monthly basis on or before each due date. In addition to the monthly mortgage payments, debtors shall pay an additional sum of

> $50.00 per month for period of 18 months until the accrued late charges, attorney fees and costs of collections in the amount of $889.95, is fully paid to Litton Loan Servicing/Bankers Trust.

Appellant's App. p. 2.

On December 1, 2005, JPMorgan filed a complaint against the Smiths on the note and to foreclose the mortgage. On March 3, 2006, JPMorgan filed a motion for summary judgment. In support of its motion, JPMorgan designated an affidavit, which provided that "[t]he last payment received by the plaintiff was for the payment due July 1, 2005, and since receipt of that payment, no additional payments have been received by the plaintiff." Appellee's App. p. 58. The Smiths filed a response to JPMorgan's motion for summary judgment and designated evidence, but we were not provided with their response or designation on appeal. According to JPMorgan, the Smiths' designation included an affidavit from Margaret Smith, a copy of the bankruptcy order, and copies of forty-seven checks and printouts of bank account payment activity. JPMorgan filed a reply and argued:

> The Plaintiff agrees the Smiths made forty-seven regular mortgage payments from October 1, 2001 thru October 2005. However, in the same period of time forty-nine (49) mortgage payments became due. By November 10, 2005, when Smiths tendered two mortgage payments, fifty (50) mortgage payments had become due. The funds were rejected because they were insufficient to bring the mortgage current. Smiths response Exhibit-D.
> As evidenced by Smiths Exhibit B, the Smiths agreed to tender an additional $50.00, monthly payment for eighteen (18) consecutive months beginning in October 2001. Said payments were to compensate Litton for accrued late charges, attorney fees and costs of collection in the amount of $889.95. Smiths response Exhibit-B. The Smiths failed to

3

tender the required payments. Smiths response Exhibits-A&C.

Id. at 64. The trial court granted JPMorgan's motion for summary judgment on January 18, 2007.

The Smiths appealed the trial court's grant of summary judgment, but this court dismissed their appeal on December 11, 2007. The Smiths filed a petition for transfer, and our supreme court reinstated their appeal on May 15, 2008. The Smiths then filed a bankruptcy petition, which resulted in a stay of these proceedings until February 2012. This court then gave the Smiths an opportunity to file an updated appellants' brief and appendix. In March 2012, the Smiths attempted to file an appellants' brief and appendix, but they were defective, and a notice of defect was mailed to the Smiths. On March 26, 2012, JPMorgan attempted to file its appellee's brief and appendix. On March 27, 2012, the Smiths filed a motion for extension of time to correct their brief and appendix, which this court granted. The Smiths filed another appellant's brief and appendix on May 18, 2012, which was also defective. However, this court filed the brief and appendix on June 12, 2012. This court also filed JPMorgan's March 26, 2012 appellee's brief and appendix on June 12, 2012.[1]

## Analysis

The Smiths argue that the trial court erred by granting JPMorgan's motion for summary judgment. Summary judgment is appropriate when there is no genuine issue of

_____

[1] We note that JPMorgan's appellee's brief was filed in response to the Smiths' defective March 2012 appellants' brief and appendix. JPMorgan did not file another brief in response to the May appellants' brief.

4

material fact and the moving party is entitled to judgment as a matter of law.  Ind. Trial Rule 56.  We liberally construe all designated evidentiary material in a light most favorable to the non-moving party to determine whether there is a genuine issue of material fact.  Bradshaw v. Chandler, 916 N.E.2d 163, 166 (Ind. 2009).  The party that lost in the trial court has the burden of persuading the appellate court that the trial court erred.  Id.  Our review of a summary judgment motion is limited to those materials designated to the trial court.  Mangold v. Ind. Dep't of Natural Res., 756 N.E.2d 970, 973 (Ind. 2001).

On appeal, the Smiths argue that they made all forty-nine payments during the relevant time period and that the trial court ignored their evidence.  JPMorgan argues that it was uncontested during the summary judgment proceedings that the Smiths made only forty-seven payments during the relevant time period.  We begin by noting that, in their Appellants' Appendix, the Smiths include only the October 2001 bankruptcy court order, copies of cancelled checks and banking records, and letters from Litton Loan Servicing.  The Smiths did not include their summary judgment response, their designation of evidence, or Margaret's affidavit.

Pro se litigants are held to the same standard as licensed lawyers.  In re Estate of Carnes, 866 N.E.2d 260, 265 (Ind. Ct. App. 2007).  Indiana Appellate Rule 50 provides that the appellant's appendix shall contain copies of pleadings and other documents from the Clerk's Record.  "[B]oth our appellate rules as well as applicable case law clearly indicate that when appealing the grant or denial of a motion for summary judgment, the moving party must file with the appellate court those materials that were designated to

5

the trial court for purposes of reviewing the motion for summary judgment." Yoquelet v. Marshall County, 811 N.E.2d 826, 829-30 (Ind. Ct. App. 2004). It is critical that copies of the designated evidence be placed in the appendices in a summary judgment case.

We further note that a comparison of the Smiths' defective March 2012 Appendix and their May 2012 Appendix reveals that some of the documents have been altered, i.e., information on memo lines is different and descriptions at the top of the documents are different. In fact, page 44 of the May Appendix and page 42 of the March Appendix purport to be the Smiths' banking records from the fall of 2005, but the records are formatted differently.

Given the alterations between the documents in the March and May appendices and the failure to include the Smiths' response and designation, we must question what documents were actually submitted to the trial court. Without accurate copies of the designated evidence, we simply cannot say that the Smiths have met their burden of demonstrating that the trial court improperly granted summary judgment to JPMorgan. Based upon the record before us, we conclude that the Smiths have not established that the trial court erred by granting summary judgment in JPMorgan's favor. See, e.g., Yoquelet, 811 N.E.2d at 830 ("Without the designated evidence, which the trial court relied upon in drafting its summary judgment order, we cannot review the trial court's decision to grant Marshall County's motion for summary judgment. As a consequence, Employees have failed to prove that the trial court erred . . . .").

6

## Conclusion

The Smiths failed to meet their burden of demonstrating that the trial court erred by granting summary judgment to JPMorgan. We affirm.

Affirmed.

VAIDIK, J., and MATHIAS, J., concur.