**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 04 2014, 9:41 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ALICE BARTANEN BLEVINS**
Bartanen Law Office, LLC
Salem, Indiana

ATTORNEY FOR APPELLEE:

**THOMAS E. SCIFRES**
Thomas E. Scifres, P.C.
Salem, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRIAN BROUGH, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 88A04-1304-PL-204 |
| | ) | |
| C. RICHARD RUSH, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE WASHINGTON CIRCUIT COURT
The Honorable Roger Davis, Judge
Cause No. 88C01-1006-PL-529

**February 4, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Brian Brough appeals the grant of summary judgment in favor of C. Richard Rush on Brough's legal malpractice complaint against Rush. Brough presents the following restated issue for review: Did the trial court err in granting summary judgment?

We affirm.

Brough retained Rush to represent him in a breach of warranty case arising out of his purchase of a used semi-tractor trailer. Rush filed suit on Brough's behalf in February 2004, and the defendants filed motions for summary judgment in 2008. At some point, Brough provided Rush with a file of records, and Rush advised that he would be designating evidence in response to the summary judgment motions. Rush obtained an extension of time to respond to the motions but did not ultimately file a response or designate evidence. Rush, however, appeared and argued on Brough's behalf at the summary judgment hearing. The trial court granted summary judgment against Brough on October 17, 2008.

Thereafter, on June 15, 2010, Brough filed a malpractice action against Rush, claiming that he lost the breach of warranty case because Rush failed to file designated evidence in response to the summary judgment motions. A jury trial commenced on April 2, 2012, but quickly ended in a continuance because Brough had not disclosed his expert witness prior to trial.[1] Brough subsequently disclosed his expert witness, Lewis Maudlin, whom Rush later deposed. During the deposition, Maudlin apparently indicated that he could

---

[1] In legal malpractice actions, expert testimony is generally required to establish the applicable standard of care against which the defendant attorney's conduct is measured. *Storey v. Leonas*, 904 N.E.2d 229 (Ind. Ct. App. 2009), *trans. denied*. "The only exception to the rule is when the question is within the common knowledge of the community as a whole or when an attorney's negligence is so grossly apparent that a layperson would have no difficulty in appraising it." *Id*. at 238. On the limited record before us, the exception does not appear to be applicable in this case.

not offer an opinion regarding whether Rush breached the applicable standard of care.[2]  As a result, Rush filed a motion for summary judgment, accompanied by a memorandum and a designation of evidence, on December 6, 2012.  Brough responded to the motion and designated evidence.  Following a hearing, the trial court granted summary judgment in favor of Rush on April 4, 2013.  Brough now appeals.

"It is the duty of an appellant to provide this court with a record sufficient to enable us to review the claim of error."  *Lenhardt Tool & Die Co., Inc. v. Lumpe*, 703 N.E.2d 1079, 1084 (Ind. Ct. App. 1998), *trans. denied*.  Brough has not provided us with *any* of the summary judgment materials filed by Rush in support of the motion for summary judgment, leaving us to guess as to what evidence was designated by Rush.  Further, Brough has given us only a portion of his own designated evidence.[3]

While we prefer to decide cases on the merits, we have frequently affirmed or dismissed an appeal based upon the appellant's failure to provide us with the necessary summary judgment material.  *See, e.g.*, *Yoquelet v. Marshall Cnty.*, 811 N.E.2d 826 (Ind. Ct. App. 2004); *Hughes v. King*, 808 N.E.2d 146 (Ind. Ct. App. 2004).  "We cannot review a claim that a trial court erred in granting a motion for summary judgment when the appellant does not include in the record all the evidence designated to the trial court and before it when

---

[2]  Maudlin's deposition is not included in the record before us and, as will be discussed below, we do not know what evidence was designated in support of summary judgment.  The transcript from the summary judgment hearing, however, reveals that Maudlin's deposition testimony was not favorable to Brough.

[3]  Brough designated the complaint, answer, plaintiff's answers to interrogatories, "Contents of Plaintiff's file as held by C. Richard Rush during his representation of Brian D. Brough", and Brough's affidavit. *Appellant's Appendix* at 21.  He includes in his appendix only the complaint, answer, and affidavit.  Of particular note, he did not include the file that contains the documents he alleges, in general, should have been designated by Rush in the underlying action upon which the malpractice claim is based.

3

it made its decision." *Finke v. Northern Ind. Pub. Serv. Co.*, 862 N.E.2d 266, 272-73 (Ind. Ct. App. 2006), *trans. denied*. "Our standard of review requires us to examine the materials designated to the trial court and limits us to a review of those materials." *Lenhardt Tool & Die Co., Inc. v. Lumpe*, 703 N.E.2d at 1084. Based upon the scant record before us, we conclude that Brough has not established that the trial court erred in granting summary judgment in Rush's favor. *See id*. ("[b]y omitting facts the trial court had before it in ruling on its motion for summary judgment, [appellant] has precluded review of its claimed error").

Judgment affirmed.

KIRSCH, J., and BAILEY, J., concur.