**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

FILED

Jul 23 2014, 10:22 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**WALTER J. BRAMAGE**
Gary, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WALTER J. BRAMAGE, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 45A04-1312-CC-636 |
| | ) | |
| DISCOVER BANK, | ) | |
| | ) | |
| Appellees. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Elizabeth F. Tavitas, Judge
Cause No. 45D03-1008-CC-777

**July 23, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Walter Bramage, pro se, appeals from the trial court's grant of summary judgment in favor of Discover Bank (Discover). Bramage presents seven issues, which we consolidate and restate as: did the trial court properly grant summary judgment in favor of Discover?

We affirm.

From the limited record on appeal, we are apprised of the following facts. Discover used the services of Zwicker & Associates, P.C. (Zwicker) to pursue debt collection. On September 24, 2008, Zwicker sent a letter to Bramage informing him of his past due debt in the amount of $6,414.20 and putting Bramage on notice that it was attempting to collect the debt on behalf of Discover. Bramage responded to the demand letter from Zwicker with a letter of his own dated October 8, 2008. In his letter, Bramage explained that he had retained the services of JDH & Associates, a debt consolidation/credit counseling group, and directed any and all further communication to that entity.

On June 8, 2010, a letter was sent to Bramage in care of JDH, as Bramage had directed, in which Bramage was put on notice that efforts at debt collection were being terminated and that a suit would be filed in court to collect the debt. This letter was from a second collection agency, Wright & Lerch, and the contents of the letter advised Bramage that Wright & Lerch represented Zwicker. The letter identified Discover as the "Original Creditor" and referenced Bramage's account number with Discover. A second letter, bearing the same date and addressed to Bramage in care of JDH & Associates, explained that the office of Wright & Lerch represented Discover, as creditor, and

demanded payment of a past-due debt.  When Bramage did not respond to the demand letter, Discover filed its complaint against Bramage on August 5, 2010.

Throughout the course of the proceedings, Bramage, who represented himself, filed three motions to dismiss, a counterclaim, and his own motion for summary judgment.  He also filed a flurry of other seemingly inconsequential, and perhaps frivolous motions.[1]

On March 20, 2013, the trial court held a hearing at which it considered Discover's motion for summary judgment as to Bramage's counterclaim.  The court also considered Bramage's most recent motion – a so-called Motion for Transparence – and retitled such motion as a Motion to Dismiss for Failure to Perform a Condition Precedent.[2]  At the conclusion of the March 20 hearing, the trial court granted Discover's motion for summary judgment as to Bramage's counterclaim, explaining its ruling as follows:

> All right.  First of all, the Trial Rules require that the non-moving party respond to a Motion for Summary Judgment designating evidence supporting its claim within 30 days after the Motion is filed.  And as I have - - and that 30 days is not waivable.  Mr. Bramage has not done that.  So that, in and of itself, would be grounds.  However, after reviewing the Counterclaim, Mr. Bramage, as we've tried to explain to you before, the law firm of Wright & Lerch is not - - everything that the firm of Wright & Lerch has done since they instituted this action has been in their role as the attorneys for Discover Bank, and as such, the communications and such

---

[1] For example, the CCS shows that Bramage, pro se, filed a "Motion to Void this Frivolous contriversy [sic]" "Motion for leave from this controversy," a unilateral "Motion for Mutual Dismissal with Prejudice," and a "Motion in Transparence." *Appellant's Appendix* at 8, 10, 11, and 14.  Several motions filed by Bramage were rejected by the court for failure to include a certificate of service and/or comply with other rules of the court.

[2] The basis of Bramage's claim in his Motion for Transparence was apparently that he was not provided notice in accordance with his credit agreement with Discover.

3

that they have had with you are communications that they were entitled to conduct as the attorneys for Discover Bank. And the law firm throughout this matter have [sic] done nothing but represent themselves to this Court as the attorneys for Discover Bank.

So, consequently, I'm going to grant the Motion for Summary Judgment with respect to [Bramage's] Counterclaim.

*Transcript* at 15-16. The trial court postponed consideration of Bramage's newly titled Motion to Dismiss.

On July 10, 2013, the trial court held a hearing on the outstanding matters, including Bramage's retitled motion to dismiss and Discover's motion for summary judgment as to its complaint. During the hearing, Bramage repeatedly asserted that he was not provided with proper notice, and as such, argued that dismissal of the action was warranted because the trial court did not have subject-matter jurisdiction. The court rejected Bramage's bald assertions and denied his motion to dismiss. In support of its ruling, the trial court took note of evidence that completely contradicted Bramage's claim:

The contract requires that there should be a written notice of the claim at least 15 days before initiating any proceeding explaining the nature of the claim, supporting facts, and a good-faith opportunity to resolve the claim. The notice was sent by letter dated September 24, 2008 to Mr. Bramage indicating the account number, indicating the balance due, indicating that they had been retained to collect as an agent for Discover; invited him to contact the office to try to seek an amicable resolution to the situation to work cooperatively to achieve [sic] the situation, indicating that he had 30 days to contact or else they would assume that the debt was valid. And on October 8, 2008, Mr. Bramage acknowledged the receipt of that correspondence and actually went so far as to retain the services, as he indicated, of JDH & Associates, with respect to his financial situation, and specifically directed all further communications be sent to JDH Associates and to Mr. Bramage in care of JDH Associates in compliance with Mr. Bramage's directions.

4

*Transcript* at 31-32.

The court then heard arguments concerning Discover's motion for summary judgment. Again, Bramage made numerous claims about notice and service problems. As the trial court noted, however, Bramage never denied liability of the underlying claim, i.e., that he was indebted to Discover in the amount of $6,414.20. Having already rejected all of Bramage's notice/jurisdiction claims, the trial court therefore granted summary judgment in favor of Discover. The CCS indicates that Bramage then filed a motion to correct error, which the trial court also denied. Bramage now appeals.

Before we delve into the issues raised on appeal, we note that Discover did not file an appellee's brief. When an appellee fails to submit a brief, we apply a less stringent standard of review with respect to the showing necessary to establish reversible error. *In re Paternity of S.C.*, 966 N.E.2d 143 (Ind. Ct. App. 2012), *trans. denied.* In such cases, we may reverse if the appellant establishes prima facie error, which is an error at first sight, on first appearance, or on the face of it. *Id.* Moreover, we will not undertake the burden of developing legal arguments on the appellee's behalf. *Id.*

We apply the same standard as the trial court when reviewing its ruling on a motion for summary judgment. *Sees v. Bank One, Ind., N.A.*, 839 N.E.2d 154 (Ind. 2005). A party seeking summary judgment must show "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C). Our review is limited to those materials designated to the trial court. T.R. 56(H); *Sees v. Bank One, Ind., N.A.*, 839 N.E.2d 154. We will accept as true those facts alleged by the nonmoving party, construe the evidence in favor of the

5

nonmoving party, and resolve all doubts against the moving party. *Sees v. Bank One, Ind., N.A.,* 839 N.E.2d 154. A trial court's grant of summary judgment is clothed with a presumption of validity, and the appellant bears the burden of demonstrating that the grant of summary judgment was erroneous. *W.S.K. v. M.H.S.B.,* 922 N.E.2d 671 (Ind. Ct. App. 2010).

At the outset, we note that the record before us is lacking in several crucial respects. For instance, Bramage has failed to provide this court with a copy of Discover's complaint or Discover's motion for summary judgment along with its designation of evidence. We could therefore properly dispose of this case finding that Bramage has waived his claim that the trial court erred by granting summary judgment. *See Yoquelet v. Marshall Cnty.*, 811 N.E.2d 826 (Ind. Ct. App. 2004) (noting that appellant's failure to provide documents designated to the court for purposes of summary judgment results in waiver of argument that summary judgment was erroneously granted). Notwithstanding the very limited record before us, we will nevertheless address the issues presented, at least as best as we can discern them.

In his appellant's brief, Bramage claims violations of the Fair Debt Collection Practices Act and the Gramm-Leach-Bliley Act, but cites to no relevant authority and, other than his own assertions, does not support his claims with any evidence. Moreover, it does not appear that he specifically presented any of these claimed violations to the trial court. Bramage has therefore waived any arguments in this regard.

The gist of Bramage's claim is that he did not receive notice in accordance with the terms of his credit card contract with Discover. Bramage unduly dwelled on the lack

6

of notice to the trial court and reiterates numerous times in his Appellant's Brief that he did not receive proper notice. As best we can discern his argument, Bramage believes the notice concerning the collection of the debt was inadequate because it did not come directly from Discover, but rather from an agent of Discover, i.e., Zwicker and/or Wright & Lerch. Bramage further argues that the lack of proper notice deprived the trial court of jurisdiction. In response to his repeated protestations about lack of notice, the trial court attempted to explain the concept of agency to Bramage.

To be sure, "[a]gency is a relationship which results from manifestation of consent by one party to another. The elements of agency are consent and control. An agent must acquiesce to the arrangement, and be subject to the principal's control." *Foster v. Purdue Univ. Chapter*, 567 N.E.2d 865, 872 (Ind. Ct. App. 1991), *trans. denied*. An essential element of an agency relationship is that the agent must "act on the principal's behalf." Restatement (Third) of Agency § 1.01 (2006). As the trial court noted, at all times throughout the legal proceedings, Wright & Lerch identified itself as representing Discover. Further, in its correspondence to Bramage, Wright & Lerch made it clear that it represented Discover.

Bramage's repeated arguments about improper notice/lack of jurisdiction because the notice of debt collection came from an entity other than Discover itself are based on his refusal to accept that Wright & Lerch was acting as an agent for Discover when it sent him notice of debt collection. Bramage's multitude of claims regarding lack of notice are unavailing. Aside from his arguments concerning notice, Bramage has never denied

7

liability for the debt owed to Discover.  Based on the foregoing, we therefore conclude that the trial court did not err in granting summary judgment to Discover.

Judgment affirmed.

MATHIAS, J., and PYLE, J., concur.