## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 26 2015, 9:06 am

CLERK
of the supreme court,
court of appeals and
tax court

**APPELLANT PRO SE**

Tonya Windell
Corydon, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tonya Windell,<br>*Appellant-Defendant,*<br><br>v.<br><br>Portfolio Recovery Associates, LLC,<br>*Appellee-Plaintiff.* | February 26, 2015<br><br>Court of Appeals Case No.<br>31A04-1409-CC-429<br><br>Appeal from the Harrison Circuit Court<br><br>The Honorable John T. Evans, Judge<br><br>Case Number 31C01-1211-CC-460 |

**Vaidik, Chief Judge.**

## Case Summary

[1]     Tonya Windell appeals the trial court's grant of summary judgment in favor of Portfolio Recovery Associates, LLC on its complaint for collection of credit-card debt.  Tonya, pro se, contends that the trial court erred in granting

summary judgment in favor of Portfolio because some of the designated evidence is inadmissible hearsay. We cannot address this issue, however, because Tonya did not include in her appendix all documents relating to the disposition of the motion for summary judgment. That is, she did not include all of the documents that Portfolio designated and filed with the trial court. We therefore affirm the trial court's grant of summary judgment in favor of Portfolio.

# Facts and Procedural History

In November 2012 Portfolio filed a complaint against Tonya for collection of credit-card debt that she had acquired with Chase Bank and Chase sold to Portfolio. Portfolio later filed a motion for summary judgment and designation of evidence. Appellant's App. p. 7-13. Portfolio designated the following evidence in support of its motion:

> (1) Plaintiff's Complaint and all exhibits attached thereto.
> (2) The attached Memorandum.
> (3) The affidavit of [P]laintiff's designated representative, attached hereto, with any exhibits attached thereto.
> (4) Plaintiff's requests for Admissions and Interrogatories.

*Id.* at 7. Tonya, however, does not include Portfolio's designated evidence in her Appellant's Appendix.

Tonya timely filed her response in opposition to summary judgment and her own designation of evidence that designated the following:

1. Affidavit of David L. Knickerbocker submitted by Plaintiff – Exhibit A[1]

2. Bill of Sale submitted by Plaintiff – Exhibit B

3. Affidavit by Martin Lavergne – Exhibit C

4. [Chase c]redit card statement dated 7/7/10 to 8/6/10 – Exhibit D

5. [Chase c]redit card statement dated 6/7/09 to 7/6/09 – Exhibit E

*Id.* at 14. Notably, Tonya includes this evidence in her Appellant's Appendix. *See id.* at 23-29. Finding "no issue as to any material fact," the trial court found that Portfolio was entitled to judgment as a matter of law.[2] *Id.* at 6. The court therefore entered summary judgment in favor of Portfolio in the amount of $8631.77 plus interest. Tonya filed a motion to correct error, which was deemed denied.

[4] Tonya now appeals.

# Discussion and Decision

[5] Tonya contends that the trial court erred in entering summary judgment in favor of Portfolio because some of the designated evidence used as support is inadmissible hearsay. Portfolio has not filed an appellee's brief in response. *See Branham v. Varble,* 952 N.E.2d 744, 746 (Ind. 2011) (noting that in this

---

[1] This is presumably the same document as Portfolio's designated item No. 3 ("The affidavit of [P]laintiff's designated representative"); however, Portfolio's designation also says "with any exhibits attached thereto." Tonya's Exhibit A includes the affidavit but no attached exhibits. Therefore, we do not know what, if any, exhibits were attached to Portfolio's designated item No. 3.

[2] The trial court also found that Tonya had failed to timely file a response or designate any matters for the court to consider. Appellant's App. p. 6. To the contrary, Tonya timely filed her response and properly designated materials pursuant to Trial Rule 56(C).

circumstance, we will not develop the appellee's arguments and will reverse upon an appellant's prima facie showing of reversible error).

[6] When reviewing a grant of summary judgment on appeal, our standard of review is the same as that of the trial court. *Seth v. Midland Funding, LLC*, 997 N.E.2d 1139, 1140 (Ind. Ct. App. 2013). Considering only those facts that the parties designated to the trial court, we must determine whether there is a "genuine issue as to any material fact" and whether "the moving party is entitled to a judgment as a matter of law." *Id.*

[7] Indiana Trial Rule 56(C) provides:

> At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. A party opposing the motion shall also designate to the court each material issue of fact which that party asserts precludes entry of summary judgment and the evidence relevant thereto.

When reviewing the grant of a motion for summary judgment, we may consider only those portions of the pleadings, depositions, and any other matter specifically designated to the trial court for purposes of the motion for summary judgment. *Yoquelet v. Marshall Cnty.*, 811 N.E.2d 826, 828 (Ind. Ct. App. 2004). Moreover, Indiana Appellate Rule 49(A), which governs the filing of appendices, provides:

> The appellant shall file its Appendix with its appellant's brief. The appellee shall file its Appendix, if any, with its appellee's brief. Any party may file a supplemental Appendix without leave of court until the final reply brief is filed.

The purpose of the appendix in civil appeals is to provide us "with copies of only those parts of the record on appeal that are necessary for the Court to decide the issues presented." Ind. Appellate Rule 50(A)(1). "The appellant's appendix shall contain . . . copies of the following documents . . . (f) pleadings and other documents from the Clerk's Record in chronological order that are necessary for resolution of the issues raised on appeal." App. R. 50(A)(2).

[8] This rule means that "when appealing the grant or denial of a motion for summary judgment, it is not sufficient for the appellant to include in the appendix only those documents designated by it to the trial court." *Kelly v. Levandoski*, 825 N.E.2d 850, 856 (Ind. Ct. App. 2005) (quotation omitted), *trans. denied*. Rather, the appellant should include in the appellant's appendix *all* documents relating to the disposition of the motion for summary judgment, including any documents that the appellee designated and filed with the trial court. *Id.*; *Thomas v. N. Cent. Roofing*, 795 N.E.2d 1068, 1070 n.1 (Ind. Ct. App. 2003); *see also Yoquelet*, 811 N.E.2d at 830 ("Without the designated evidence, which the trial court relied upon in drafting its summary judgment order, we cannot review the trial court's decision to grant Marshall County's motion for summary judgment. As a consequence, Employees have failed to prove that the trial court erred, and the presumption of the validity of the summary judgment remains."); *Hughes v. King*, 808 N.E.2d 146, 148 (Ind. Ct. App. 2004) ("Where, as here, a party appeals the trial court's entry of summary judgment, we can only conduct a de novo review if the parties have provided us with a complete copy of the evidence designated to the trial court. Because Hughes

has failed to comply with that requirement, we have no basis upon which to review the substantive issue he has raised on the merits. We therefore dismiss this appeal." (footnoted omitted)). This is the case even though Indiana Appellate Rule 49(B) provides that any party's failure to include any item in an appendix "shall not waive any issue or argument." *See Yoquelet*, 811 N.E.2d at 829-30.

[9] Here, Tonya did not include Portfolio's designation of evidence in her Appellant's Appendix. To the extent Tonya might argue that this was Portfolio's responsibility, she is wrong. *See Kelly*, 825 N.E.2d at 856 ("Kelly claims he was obliged to include only his documents because Levandoski was required to file an appellee's appendix that included his designated evidence. Kelly is wrong."). While there may be some crossover between Tonya's and Portfolio's designations of evidence, it is clear that Tonya did not include the following evidence from Portfolio's designation in her Appellant's Appendix: Portfolio's complaint and the exhibits attached thereto; Portfolio's requests for Admissions and Interrogatories; and the exhibits, if any, attached to Knickerbocker's affidavit. Without the designated evidence that the trial court relied upon in crafting its summary-judgment order, we cannot review the trial court's decision to grant Portfolio's motion for summary judgment. As a consequence, Tonya has failed to prove that the trial court erred. We therefore affirm the judgment of the trial court.

[10] Affirmed.

Baker, J., and Riley, J., concur.