## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 30 2016, 8:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William Perry McCall
Mosley Bertrand & McCall
Jeffersonville, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Pinnacle Properties Development Group, LLC, <br> *Appellant-Plaintiff,* <br><br> v. <br><br> Raul Sanchez, <br> *Appellee-Defendant.* | June 30, 2016 <br><br> Court of Appeals Case No. 10A04-1512-SC-2276 <br><br> Appeal from the Clark Circuit Court <br><br> The Honorable Kenneth R. Abbott, Magistrate <br><br> Trial Court Cause No. 10C03-1509-SC-1489 |

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Plaintiff, Pinnacle Properties Development Group, LLC (Pinnacle Properties), appeals the small claims court's judgment, denying Pinnacle Properties' claim for unpaid rent and eviction against Appellee-Defendant, Raul Sanchez (Sanchez).

We dismiss.

## ISSUES

Pinnacle Properties raises two issues, which we restate as follows:

(1) Whether the small claims court abused its discretion when it failed to apply the terms of the residential lease agreement; and

(2) Whether the small claims court committed a reversible error when it did not allow Pinnacle Properties to submit additional testimony after the court conducted a viewing of the residence.

## FACTS AND PROCEDURAL HISTORY

On September 21, 2015, Pinnacle Properties filed its Complaint and request for eviction against Sanchez for unpaid rent in the months of August, September, and October 2015. Apparently, "[o]n or about June 12, 2015, there was a substantial rainfall in the local area which caused substantial flooding in the area, and [Sanchez'] apartment in particular[.]" (Appellant's Br. p. 10). As a

result of the flooding, Sanchez "was unable to live in the apartment for a substantial period of time." (Appellant's Br. p. 10). On October 13, 2015, the small claims court conducted a hearing on Pinnacle Properties' Complaint. After hearing the parties, the small claims court suspended the hearing to conduct an onsite visit of the apartment. The following day, the small claims court issued its Order, finding:

> Despite [Pinnacle Properties'] testimony that the apartment was repaired and made habitable within a short period of time, and other testimony that it was repaired within 90 days, the [c]ourt's physical viewing of the apartment revealed substantial amounts of mold on the walls, a large area of drywall missing in one room, as well as a large section of the ceiling missing in the bathroom. In addition, claims of the carpeting being removed and remedial work being done seem highly unlikely due to the filthy condition of the carpeting and the amount of debris found on the carpeting.

(Appellant's Br. p. 10). The small claims court concluded that "[t]he leased premise has been uninhabitable since the flooding in July, and [Sanchez] had a legal right to reside elsewhere and pay no rent for the months of August, September, and October." (Appellant's Br. p. 10).

[5] Pinnacle Properties now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[6] Although we prefer to dispose of cases on their merits, where an appellant fails to substantially comply with the appellate rules, then dismissal of the appeal is

warranted. *Hughes v. King*, 808 N.E.2d 146, 147 (Ind. Ct. App. 2004). Indiana Appellate Rule 49(A) provides in part that "[t]he appellant *shall* file its Appendix with its appellant's brief." (Emphasis added). And Indiana Appellant Rule 50(A) states, in relevant part:

> (1) *Purpose.* The purpose of an Appendix in civil appeals . . . is to present the Court with copies of only those parts of the record on appeal that are necessary for the Court to decide the issues presented.

> (2) *Contents of Appellant's Appendix.* The appellant's Appendix shall contain a table of contents and copies of the following documents, if they exist:

>> (a) The chronological case summary for the trial court . . . ;

>> * * * *

>> (f) pleadings and other documents from the Clerk's Record in chronological order that are necessary for resolution of the issues raised on appeal[.]

[7] Here, in its appellant's brief, Pinnacle Properties included the small claim court's appealed judgment. However, Pinnacle Properties did not file an Appendix. Accordingly, we do not have the small claims court's chronological case summary, nor do we have a copy of the Complaint or the residential lease agreement, despite numerous references to these documents in Pinnacle Properties' appellate brief.

It is well settled that the duty of presenting a record adequate for intelligent appellate review on points assigned as error falls upon the appellant. *Bambi's Roofing, Inc. v. Moriarty*, 859 N.E.2d 347, 352 (Ind. Ct. App. 2006). Pinnacle Properties' disregard for the requirements of the appellate rules makes our review of the small claim court's judgment impossible. Accordingly, we dismiss this appeal.

## CONCLUSION

Based on the foregoing, we dismiss Pinnacle Properties' appeal.

Dismissed.

Kirsch, J. and Pyle, J. concur