## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 18 2016, 9:08 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William Perry McCall, III
Mosley Bertrand and McCall
Jeffersonville, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Pinnacle Properties Development Group, LLC, *Appellant-Defendant,* v. Sarah Oliver, *Appellee-Plaintiff.* | July 18, 2016 |
| | Court of Appeals Case No. 10A01-1512-SC-2143 |
| | Appeal from the Clark Circuit Court |
| | The Honorable Kenneth R. Abbott, Magistrate |
| | Trial Court Cause No. 10C03-1508-SC-1373 |

**Mathias, Judge.**

[1] Pinnacle Properties Development Group, LLC ("Pinnacle") brought a small claims action against Sarah Oliver ("Oliver"), alleging that Oliver had failed to pay rent pursuant to a lease agreement executed by the parties. Pinnacle sought as damages the unpaid rent and unpaid utility bill and also sought possession of

the apartment. The trial court entered judgment in favor of Oliver, and Pinnacle appeals, presenting one dispositive issue: whether the trial court erred by failing to follow the terms of the lease agreement.

[2] We affirm.

## Facts and Procedural History

[3] In 2014, Pinnacle and Oliver entered into a residential lease agreement ("the Lease") for Oliver to rent a unit at an apartment complex on Tenth Street in Jeffersonville, Indiana. In July 2015, the area around Jeffersonville received heavy rainfall that resulted in flooding. The flooding damaged several air conditioning units, including the unit providing cooling to Oliver's apartment. As a result, Oliver was without air conditioning in her apartment from July 12, 2015 until August 12, 2015. Due to the summer heat, the temperatures in the apartment reached dangerous[1] levels. In fact, Oliver testified that the temperature in the apartment got as high as 85° Fahrenheit at night, and it was "way hotter upstairs." Tr. p. 21. This required Oliver and her four-year-old son to stay at her parents' home.

[4] Oliver repeatedly telephoned the Pinnacle's property manager to inform them that the air conditioning was not working and to check on the status of the

---

[1] *See* https://www.ready.gov/heat (noting dangers of high temperatures, especially for young children and the elderly).

repairs. The air conditioning was not fixed until one month later, on August 12, 2015.

[5] Oliver had paid her July rent at the end of June, as was her habit. She paid by money order, as she always did. Oliver, however, did not pay her rent for August due to the fact that she was unable to reside in her apartment. She then paid her September rent as usual. It is unclear whether Pinnacle applied the September rent payment to the August rent it believes was due or the September rent. Either way, Pinnacle claims that Oliver owed one month's rent.

[6] Pinnacle filed a notice of claim against Oliver seeking $475 in rent owed for the month of August, plus $63.23 for an unpaid water and sewage bill, for a total of $538.23.[2] Pinnacle also sought to evict Oliver. At the September 22, 2015 small claims trial, Pinnacle's agent also claimed that Oliver owed $42 in late fees and/or $35 for an "NSF fee." Tr. p. 8. Oliver admitted that she had not paid rent in August but claimed that she did so because her apartment was uninhabitable for one month. Oliver also testified that she always paid by money order and therefore could not have presented a check with insufficient funds. At the end of the hearing, the trial court took the matter under advisement.

---

[2] At the small claims hearing, Pinnacle's agent was unclear regarding whether Pinnacle sought to recover unpaid rent for one month or for both August and September. *Compare* Tr. p. 6 (Pinnacle's agent testifying that Oliver owed August rent) *with* Tr. p. 9 (Pinnacle's agent agreeing with the statement of Pinnacle's counsel that it was seeking rent for August and September).

The following day, the trial court entered an order which provided in relevant part:

> Defendant had a legal right to withhold rent for the month of August, 2015 pursuant to Paragraph 9D of the Residential Lease Agreement and Indiana Code 32-31-8-5, as she was without air conditioning for approximately 30 days during the middle of the summer.
>
> IT IS, THEREFORE, ORDERED that Plaintiff's request for damages and eviction are denied.

Appellant's Br. p. 16. Obviously displeased with this result, Pinnacle filed a motion to correct error on October 23, 2015. The trial court denied Pinnacle's motion to correct error on October 30, 2015, with an order stating in relevant part:

> Comes now the Court, pursuant to the Motion To Correct Error filed by the Plaintiff and NOW Denies said Motion. Said denial is based upon the following findings that the Court deemed compelling based upon the testimony:
>
> 1) On September 23, 2015, the Court entered a Judgment[.]
>
> * * *
>
> 2) The testimony that the Court deemed compelling was:
>
> A) that the air conditioning unit of the Defendant was damaged during extensive flooding on July 12, 2015 and was repaired as of August 12, 2015.
>
> B) that the Plaintiff had paid her July, 2015 rent;
>
> C) on or about July 12, 2015, the Defendant notified the Plaintiff that her air conditioning unit was not operable.

Because the Defendant was without air conditioning for 19 days in July, her July rent should have been abated for 19 days. Because it was not habitable for 12 days in August, she was also entitled to a rent abatement for 12 days. This totaled 31 days in rent abatement, thus, substantiating the Defendant's refusal to pay the August rent.

4) The Court's rationale for not awarding the Plaintiff the rent that it was seeking was based upon rationale that the Plaintiff was legally not entitled to the rent under the terms of the Lease (Paragraph 9) AS WELL AS Indiana Code 32-31-8-5.

5) While the Plaintiff argues that the Court committed error because the Defendant had not filed a counterclaim under Indiana Code 32-31-8-5. Such argument is ill-founded as the Court has not granted affirmative relief to the Defendant. It has only used the statute and the terms of the Lease Agreement as a rationale either for declaring that rent was not due pursuant to the terms of the Lease Agreement or for granting a **set-off** of any alleged rent default.

Appellant's Br. pp. 17-18. Pinnacle now appeals.

## Discussion and Decision

Pinnacle argues that the trial court erred by concluding that the trial court ignored the language of the Lease requiring Oliver to give written notice of any damage to her apartment unit that would render it uninhabitable. Because she did not, Pinnacle claims, the portions of the Lease permitting Oliver's rent to abate due to habitability issues was never triggered.

To consider this claim requires us to consider the language of the Lease. However, Pinnacle has not provided this court with a copy of the Lease on appeal. In fact, Pinnacle has wholly failed to file either an Exhibits Volume or

an Appendix. The only record before us consists of the transcript of the small claims trial.

[10] Indiana Appellate Rule 49(A) clearly provides that "The appellant *shall* file its Appendix with its appellant's brief." (emphasis added). "The purpose of an Appendix in civil appeals . . . is to present the Court with copies of only those parts of the Record on Appeal that are necessary for the Court to decide the issues presented." Ind. Appellate Rule 50(A). Furthermore, the appellant's Appendix is required to contain copies of certain documents, if they exist, including:

> (a) the chronological case summary for the trial court or Administrative Agency;
>
> (b) the appealed judgment or order, including any written opinion, memorandum of decision, or findings of fact and conclusions thereon relating to the issues raised on appeal;
>
> * * *
>
> (f) pleadings and other documents from the Clerk's Record in chronological order that are necessary for resolution of the issues raised on appeal;
>
> (g) any other short excerpts from the Record on Appeal, in chronological order, such as essential portions of a contract or pertinent pictures, that are important to a consideration of the issues raised on appeal;
>
> (h) any record material relied on in the brief unless the material is already included in the Transcript[.]

App. Rule 50(A)(2).

In the present case, Pinnacle bases its first claim wholly on the language of the Lease, a lease that is nowhere in the record before us. It is well settled that the duty of presenting a record adequate for intelligent appellate review of the issues raised by the appellant falls upon the appellant. *Bambi's Roofing, Inc. v. Moriarty*, 859 N.E.2d 347, 352 (Ind. Ct. App. 2006) (citing *Lasater v. Lasater*, 809 N.E.2d 380, 389 (Ind. Ct. App. 2004)).

Without a copy of the Lease before us, we are unable to conclude that the trial court erred in interpreting the Lease. For this reason, we must affirm the judgment of the trial court. *See Yoquelet v. Marshall Cnty.*, 811 N.E.2d 826, 830 (Ind. Ct. App. 2004) (affirming trial court's grant of summary judgment in favor of defendant where appellant-plaintiffs failed to file an appendix containing the evidence designated to the trial court).[3] Moreover, this court has held that the failure to include the relevant materials in an Appendix in a civil case is grounds for dismissal of the appeal. *See Hughes v. King*, 808 N.E.2d 146, 148 (Ind. Ct. App. 2004) (dismissing civil appeal from summary judgment where

---

[3] The author of this opinion dissented in *Yoquelet*. However, *Yoquelet* has since been cited with approval in numerous cases. *See Cavallo v. Allied Physicians of Michiana, LLC*, 42 N.E.3d 995, 999 (Ind. Ct. App. 2015); *Haskin v. City of Madison*, 999 N.E.2d 1047, 1051 n.2 (Ind. Ct. App. 2013); *In re Garrard*, 985 N.E.2d 1097, 1103 (Ind. Ct. App. 2013); *Ace Foster Care & Pediatric Home Nursing Agency v. Ind. FSSA*, 865 N.E.2d 677, 681 n.2 (Ind. Ct. App. 2007); *Nolan v. Taylor*, 864 N.E.2d 419, 422 n.8 (Ind. Ct. App. 2007) ; *Bambi's Roofing, Inc. v. Moriarty*, 859 N.E.2d 347, 352 (Ind. Ct. App. 2006); *City of Fort Wayne v. Pierce Mfg., Inc.*, 853 N.E.2d 508, 509 (Ind. Ct. App. 2006); *Potter v. Houston*, 847 N.E.2d 241, 250 (Ind. Ct. App. 2006); *Sims v. Town of New Chicago*, 842 N.E.2d 830, 831 (Ind. Ct. App. 2006); *Kelly v. Levandoski*, 825 N.E.2d 850, 856 (Ind. Ct. App. 2005). The author of this opinion follows *Yoquelet* on the grounds of *stare decisis.*

appellant's Appendix contained only the trial court's order and contained none of the materials designated to the trial court).[4]

[13] Because we lack an adequate record, we are unable to conclude that the trial court erred in interpreting the Lease. *See Yoquelet*, 811 N.E.2d at 830. Furthermore, the trial court denied Pinnacle's claim on two separate, independent grounds: the language of the Lease and Indiana Code section 32-31-8-5. Because we affirm the trial court on the former grounds, it is not necessary for us to address the latter grounds.[5] We therefore affirm the judgment of the trial court.

[14] Affirmed.

Vaidik, C.J., and Barnes, J., concur.

---

[4] We acknowledge that, pursuant to Appellate Rule 49(B), the "failure to include an item in an Appendix shall not waive any issue or argument." Here, Pinnacle did not simply fail to include an item in an Appendix; it wholly failed to file an Appendix. We also recognize that our supreme court has held, in the context of criminal appeals, that "[t]he better practice for an appellate court to follow in criminal appeals where an Appendix is not filed or where an Appendix is missing documents required by rule is to order compliance with the rules within a reasonable period of time, such as thirty days." *Yoquelet*, 811 N.E.2d at 830. (quoting *Johnson v. State*, 756 N.E.2d 965, 967 (Ind. 2001)). However, the holding in *Johnson* is limited to criminal cases. *See Yoquelet*, 811 N.E.2d at 830.

[5] Moreover, one of Pinnacle's arguments regarding Indiana Code section 32-31-8-5 is that Oliver never filed a claim or counterclaim under this section. Again, we are unable to review this claim without an Appellant's Appendix, and under the facts and circumstances before us, we are unsympathetic to the claim. Oliver's claim could be viewed as a set-off, which a party need not plead. *See Henderson v. Sneath Oil Co.*, 638 N.E.2d 798, 801-02 (Ind. Ct. App. 1994) (holding that trial court had discretion to consideration accounts with positive credits when arriving at the amount owed by the defendant even though defendant did not initiate a counter-claim or move to amend the pleadings).